476 So.2d 281 (1985)
AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Jack TAYLOR, d/b/a Taylor's Printing and Office Supply and Jack Taylor, Individually, Appellees/Cross-Appellants.
Nos. BC-154, AZ-482.
District Court of Appeal of Florida, First District.
October 8, 1985.
*282 Paul B. Butler, Jr. and Robert V. Potter, Jr. of Butler, Burnette, Wood & Freemon, Tampa, for appellant/cross-appellee.
Richard B. Davis, Jasper, and John Berry, St. Petersburg, for appellees/cross-appellants.
Richard H. Wilson and Steven E. Waggoner of Wilson & Sawyer, P.A., Tampa, for amicus curiae.
MILLS, Judge.
American Employers' Insurance Company (AE) appeals from an order granting a new trial to Taylor. Taylor appeals from the entry of a directed verdict in favor of AE on his claim against it for slander. We affirm the directed verdict but reverse the granting of a new trial.
Taylor sued AE for tortious breach of contract after it refused to pay an insurance claim made when his business was destroyed by fire. AE contended that Taylor had himself set the fire and/or that he had violated the policy's "concealment and fraud" clause, which provides: "This policy is void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." AE alleged that, during its investigation of the claim, Taylor had misrepresented his whereabouts prior to the fire and the true condition of his business.
At the conclusion of the trial, the jury received the following instruction on AE's concealment and fraud defense:
To prevail in its defense of concealment and misrepresentation, the defendant insurance company must show, by the greater weight of the evidence that the insured knowingly and willfully made a false answer or concealment concerning some matter of fact as to which he knew or was apprised was material to the inquiry being made by the insurance company.
*283 Taylor made no objection to this instruction.
When the jury retired, it received a verdict form which propounded the following interrogatories: (1) Did Taylor intentionally burn the insured property or intentionally cause it to be burned, and (2) Did he knowingly and intentionally misrepresent or conceal material information that he was required to disclose for the purposes of having defendant pay his claim? Taylor made no objection to the form.
During its deliberations, the jury sent a question to the court inquiring whether the first interrogatory must be unanimously answered prior to the second. After consultation with counsel, the court answered that either defense would defeat Taylor's claim and therefore that if a "yes" answer was given to "either one of those claims, either one or two, either one of those defenses, then you have found for the insurance company and you would go no further." Both counsel agreed to this resolution of the jury's question. The jury reached a verdict in favor of AE. It did not answer the first interrogatory, but answered "yes" to the second. The jury did not consider Taylor's claim against AE for slander, as the court had directed a verdict in AE's favor on that issue earlier in the proceeding.
Taylor moved for a new trial, alleging for the first time that the concealment and fraud defense had been improperly employed to void his policy, because the alleged misrepresentations occurred after a loss. In making this argument, Taylor relied on Wendel v. State Farm Fire and Casualty Co., 435 So.2d 284 (Fla. 5th DCA 1983), rev. den. 447 So.2d 888 (Fla. 1984), which held that, under an identical concealment and fraud clause, a policy could only be voided when the fraud occurred in the application for insurance. Taylor alleged as well that the verdict was defective because the jury failed to answer the first interrogatory, indicating confusion about the evidence.
The trial court granted the motion. It found that the verdict was inconclusive, speculative and unclear and that AE's concealment and fraud defense was only applicable when the alleged fraud occurred in the policy application, on which no evidence had been presented. The court therefore concluded that the jury had been erroneously instructed on the law and a new trial was required. We disagree.
Ordinarily, the granting of a new trial is within the sound discretion of the trial judge, reversible only on a showing of an abuse of discretion. However, if the ruling is grounded on a question of law, the appellate court is on the same footing as the trial judge in determining the correct law to be applied and the broad discretion rule loses much of its force and effect. Boutwell v. Bishop, 194 So.2d 3, 6 (Fla. 1st DCA 1967).
In this case, the trial judge granted a new trial relying on the law as set forth in Wendel. We disagree with that decision and find that it does not correctly state the law on this issue.
In interpreting a similar concealment and fraud clause, the Wendel court relied on Section 627.409, Florida Statutes (1981), and on the alleged ambiguity of the language, holding that it should be construed in favor of the insured. However, Section 627.409 does not limit the application of the language to fraud occurring in the policy application, but rather limits the instances in which an insurance company can void a policy when fraud occurs in the application. Further, we do not find the language ambiguous. It plainly states that the intentional concealment or misrepresentation of any material fact relating to the insurance will void the policy. As AE so succinctly puts it, any means any.
Even assuming that the language requires construction, it should be read in common with other policy provisions to accomplish the intent of the parties. James v. Gulf Life Insurance Co., 66 So.2d 62 (Fla. 1953). The policy further states that, following a loss, a policyholder must provide a sworn statement of loss and submit *284 to an examination under oath. If the policyholder could indulge in concealment and misrepresentation in fulfilling these requirements without fear of forfeiting his coverage, the requirements are rendered meaningless. This result is inconsistent with the principle that every provision in a contract should be given meaning and effect. Excelsior Insurance Co. v. Pomona Park Bar and Package Store, 369 So.2d 938 (Fla. 1979). Further, allowing Florida policyholders to engage in misrepresentation during all aspects of their claims except in their policy applications is against the clear public policy of this state.
Finally, we cannot read this policy to mean, or find that the parties understood it to mean, that fraud outside the application would leave the policy in force. The interpretation which provides the more reasonable and probable contract should be adopted and a construction leading to an absurd result should be avoided. James.
We also disagree that the verdict rendered by the jury indicated confusion. The jury was instructed, with the approval of counsel, that it could decide the verdict form interrogatories in either order and that an affirmative answer to either question would end its deliberations. In light of this instruction, the verdict does not reflect confusion and it was error to grant a new trial based thereon.
We affirm the trial court's action in directing a verdict on Taylor's claim against AE and its adjustor for slander, as no proper view of the evidence presented at trial could sustain the position advanced by Taylor. Clark v. Better Construction Co., Inc., 420 So.2d 929 (Fla. 3d DCA 1982).
The order granting a new trial is reversed and the case remanded for reinstatement of the jury verdict in favor of AE. The directed verdict in favor of AE is affirmed. Taylor's motion for attorney's fees in denied.
SMITH and THOMPSON, JJ., concur.