SMITH v. STATE FARM FIRE AND CASUALTY CO.

[109 N.C. App. 276 (1993)]

---

E. DeLISA SMITH, PLAINTIFF v. STATE FARM FIRE AND CASUALTY COMPANY, DEFENDANT

No. 9110SC1215

(Filed 2 March 1993)

**Insurance § 831 (NCI4th)— renter's insurance—material misrepresentation as to items stolen—coverage precluded**

A provision as originally written in plaintiff's renter's insurance policy precluding coverage for "any" material misrepresentation "relating to this insurance" precluded coverage whether the alleged misconduct occurred before or after a loss; therefore, the trial court properly granted summary judgment for defendant where plaintiff's apartment was burglarized, and she made a material misrepresentation in that she did not own or possess a computer and printer at the time of the burglary, yet she included those items on her personal property inventory form listing the items stolen.

**Am Jur 2d, Insurance §§ 1012, 1013.**

**Fraud or misrepresentation by insured's agent after loss as within provision avoiding policy for fraud or attempted fraud of insured. 24 ALR2d 1220.**

Appeal by plaintiff from order entered 5 September 1991 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 10 November 1992.

SMITH v. STATE FARM FIRE AND CASUALTY CO.

[109 N.C. App. 276 (1993)]

*Teague, Campbell, Dennis & Gorham, by C. Woodrow Teague and John A. Tomei, for plaintiff-appellant.*

*Yates, McLamb & Weyher, by R. Scott Brown and O. Craig Tierney, Jr., for defendant-appellee.*

LEWIS, Judge.

Defendant issued a renter's insurance policy to plaintiff effective 10 November 1988 to 10 November 1989. Plaintiff's apartment was burglarized the weekend of 23-24 September 1989. Upon notification of the theft by plaintiff, defendant issued a $1,000 check to her which she promptly cashed. On 13 October 1989 plaintiff submitted a personal property inventory form listing the items stolen, including an Epson computer and printer valued at $2,000. Plaintiff submitted a sworn statement in proof of loss on 3 November 1989 in the amount of $18,144.35, which included the claim for the computer and printer. On 15 December 1989, in an examination under oath in accordance with the insurance policy, plaintiff represented that she was in the process of purchasing the computer and printer from Mr. Jeff Warren in Raleigh when it was stolen from her apartment. Investigation by defendant revealed that plaintiff did not own the computer at the time of the burglary nor was she in possession of it. In January 1990, Mr. Warren informed State Farm that he owned an Epson computer and printer, that this equipment had never left his possession, and that he had never loaned or sold a computer to plaintiff.

On 6 April 1990 defendant denied plaintiff's theft claim due to plaintiff's misrepresentation of material facts and circumstances. On 19 April 1990 plaintiff herself informed defendant's agent, Ken Davis, that she had made a material misrepresentation to them in that she did not own or possess the computer and printer at the time of the burglary. Thereafter, on 30 May 1990, plaintiff filed a complaint against defendant seeking damages for the value of the items actually stolen. She also alleged that defendant's refusal to pay constituted an unfair and deceptive trade practice under N.C.G.S. § 75-1.1 (1988). Defendant answered that her material misrepresentations voided its coverage under the policy pursuant to a "Concealment or Fraud" provision contained in the policy, and counterclaimed for return of the $1,000 advance payment.

On 16 July 1991 defendant filed for summary judgment on the issues of material misrepresentation, unfair and deceptive

trade practices, and its counterclaim for recovery of insurance proceeds. Judge Barnette granted defendant's motion on 5 September 1991 on all three issues. Plaintiff now appeals to this Court.

Summary judgment is appropriate only if there is no genuine issue of material fact to be decided and the movant is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1990); *DiOrio v. Penny*, 331 N.C. 726, 728, 417 S.E.2d 457, 459 (1992). Because there are no genuine issues of material fact in this case we affirm summary judgment in favor of defendant.

When the policy was issued to plaintiff it contained the following provision:

2. **Concealment or Fraud**. We do not provide coverage for an **insured** who has:

a. intentionally concealed or misrepresented any material fact or circumstance; or

b. made false statements or engaged in fraudulent conduct;

relating to this insurance.

Two years later the policy was supplemented and made retroactively effective to plaintiff's policy, according to defendant. The amended provision reads as follows:

2. **Concealment or Fraud**. The entire policy will be void if, whether before or after a loss, an **insured** has:

a. intentionally concealed or misrepresented any material fact or circumstance;

b. engaged in fraudulent conduct; or

c. made false statements;

relating to this insurance.

Plaintiff contends that the amended provision does not apply to her since her original policy did not contain it. She claims that the original version only pertained to activities that occurred before a loss because it did not contain the language "before or after." Therefore her misrepresentations after a loss did not void coverage under her policy.

## SMITH v. STATE FARM FIRE AND CASUALTY CO.

[109 N.C. App. 276 (1993)]

Defendant argues that even under the original provision plaintiff was not entitled to recover damages for her lost property due to her misrepresentations. Defendant's arguments in the trial court and on this appeal are based on the original version only. If we should find in favor of plaintiff, defendant has expressly reserved the right to argue that the amended provision was in effect at the time of the burglary.

Plaintiff first argues that the "Concealment or Fraud" provision applies only to an insured's application for insurance coverage and other pre-loss conduct. Plaintiff notes that another portion of the policy sets forth "Duties After Loss." She also asserts that defendant cannot take advantage of the fact that it changed the provision two years later to specifically encompass conduct which occurs "before or after" a loss. Finally, plaintiff argues that the provision is ambiguous and cannot be used by defendant to defeat coverage under the policy. She claims defendant conceded the ambiguity by its later amendment to that provision, because the amendment would have been unnecessary if the original provision was unambiguous.

We are not persuaded by plaintiff's arguments. First, we dispose of plaintiff's contention that defendant may not rely on later changes to its policy, because for the purposes of this appeal defendant bases its argument on the original wording of the "Concealment or Fraud" provision. Second, we see no reason why the language of the original policy would only pertain to pre-loss conduct. The policy itself states that coverage is not provided for an insured who has made "any" material misrepresentation "relating to this insurance." Defendant points to decisions from other jurisdictions interpreting similar clauses since there are no North Carolina decisions on point. See, e.g., Longobardi v. Chubb Ins. Co. of New Jersey, 582 A.2d 1257, 1261 (N.J. 1990) (post-loss misrepresentations voided the policy under a similar concealment or fraud provision even though did not contain language "whether before or after a loss"); American Employers' Ins. Co. v. Taylor, 476 So. 2d 281, 283 (Fla. Dist. Ct. App.), cause dismissed by, Taylor v. American Employers' Ins. Co., 485 So. 2d 426 (Fla. 1985) (in policy referring to "misrepresentation of any material fact," "any means any"). We agree the policy in question clearly informed the policyholder that any material misrepresentations made at any time would void the entire policy.

SMITH v. STATE FARM FIRE AND CASUALTY CO.

[109 N.C. App. 276 (1993)]

Plaintiff's contention that the provision in question is limited to pre-loss conduct since another portion of the policy covers duty after loss is without merit. The policy is structured so that Section I governs Property Coverage and Section II governs Liability Coverage. Both of these sections contain a provision on an insured's "Duties After Loss." In her brief plaintiff cites the provision contained in Section II on property coverage. The "Concealment or Fraud" provision at issue in this case appears in a portion of the policy entitled "Sections I and II — Conditions." The provisions under this section apply to both Section I and Section II, and apply to all losses covered by the insurance policy. The "Conditions" are completely different from the "Duties After Loss" provisions contained in Sections I and II.

Finally, we agree with defendant that the provision is unambiguous. As stated above, we believe the original language clearly informs the policyholder that any misrepresentations at any time will void the policy. *See Chubb*, 582 A.2d at 1263 (held similar provision not ambiguous); *American*, 476 So. 2d at 283 ("any means any"). We hold that the provision in question, as originally written in plaintiff's policy, precludes coverage whether the alleged misconduct occurs before or after the loss. This holding is consistent with public policy since to hold otherwise would be to encourage policyholders to misrepresent losses. Such misconduct would carry no consequences if those policyholders were still permitted to recover in full under their policies. *See American*, 476 So. 2d at 284. Because we reject both of plaintiff's arguments, we do not address defendant's statutory argument.

The trial court's grant of summary judgment for defendant is hereby

Affirmed.

Judges JOHNSON and COZORT concur.