KLEIN, Judge.
The trial court directed a verdict against appellant because of his undisputed misrepresentations to the insurer. We dismiss the appeal as frivolous and, sua sponte, assess attorney’s fees.
The facts set out in appellant’s brief state that appellant is a third party beneficiary to a homeowner’s insurance policy issued by State Farm to appellant’s father, Pasquale *147 Marrone, the owner of the house, and that appellant claims benefits under the policy as a result of theft and property damage occurring at the house in January 1990. Appellant advises us that the claim is under a 1987 policy issued to his father. The application for the policy asked whether the applicant had any losses, insured or not, in the past three years. Appellant says that Pasquale answered “no,” and that there is no evidence in the record to show that Pasquale had any prior losses. Appellant argues that the trial court therefore erred in directing a verdict against him on the ground of misrepresentation in the application. He also argues that the directed verdict could not have been based on his numerous admitted misrepresentations made during the processing of the claim because they were not material.
State Farm informs us in its brief of the following additional facts, none of which are mentioned in appellant’s brief. The residence is owned by Pasquale, however, appellant has lived in the home since Pasquale purchased it in 1985. Pasquale lives in New York. In September 1989 appellant applied for two different State Farm policies through two different agents, one on September 11th and the other on September 13th. He denied having any prior losses in applying for both policies. In fact, appellant had made insurance claims in 1986 for vandalism to the house and theft of personal property for which he received a payment of $36,000. In addition, in August 1989, just prior to applying for the policies, he reported a theft of $9,000 to $11,000 of cash and jewelry to the police. He had also previously filed police reports for theft of personal property in March 1989 of $11,000 in guns, jewelry and tools and claimed an $8,830 casualty loss on his 1988 tax return.
The 1989 policies on which appellant initially submitted these claims were issued to Pasquale, however, appellant admitted that the signatures of Pasquale on the applications were forgeries. When appellant made the claim, he presented a power of attorney from his father authorizing him to sign documents on which his father’s signature was also an admitted forgery.
In making the claim under one of the 1989 policies, appellant alleged that persons unknown had damaged the residence to the extent of $25,000 and had stolen $117,000 worth of personal property. After investigating, State Farm denied the claim. Appellant then found the 1987 policy and claimed he was entitled to recover for this loss under that policy. Appellant has not filed a reply brief challenging the facts set out by the insurer.
Appellant, who does not dispute any of the above misrepresentations, argues that he is entitled to recover under the 1987 policy on the theory that the 1987 policy was issued to Pasquale, and there is no evidence that Pasquale knew of appellant’s prior 1986 theft and vandalism losses of $36,000 at the house. That argument is utterly without merit since, in Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla.1986), the Florida Supreme Court held that misrepresentations in an application for insurance need not be knowingly made in order for the insurer to void the policy.
Although Carroll, in and of itself, disposes of appellant’s claim under the 1987 policy, the insurer also calls our attention to American Employers’ Insurance Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA 1985), in which the court held that fraudulent misrepresentations to an insurer investigating a claim made following a loss can also void a policy. In the present case, according to the insurer’s brief (to which appellant did not respond) appellant, perjured himself in depositions and made numerous misrepresentations during the investigation of these claims. Although we need not adopt the holding of Taylor at the present time, since the failure to inform the insurer of the 1986 losses voids the 1987 policy, it does support our conclusion that this appeal is frivolous.
Section 57.105, Florida Statutes provides that a court “shall” award attorney’s fees to the prevailing party where there is “a complete absence of a justiciable issue of either law or fact,” and further provides that the attorney’s fees shall be borne equally by the losing party and the losing party’s counsel unless counsel has “acted in good faith, based on representations of his client.” While we can see where, in the present case, counsel may have been mislead by his client *148 into initially bringing this lawsuit, by the time the decision was made to file this appeal, it was clear that there was no basis in law or fact for this claim.
In Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (Fla.1935), our supreme court defined a frivolous appeal as follows:
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. See Hopkinson v. Kennedy, 225 Mass. 231, 114 N.E. 204 [ (1916) ]. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. (Footnote omitted).
This appeal meets those requirements.
We also remind counsel of Florida Bar rule 4-3.1, which provides:
A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.
We dismiss this appeal because it is frivolous and direct the trial court to award attorney’s fees and costs under section 57.105, Florida Statutes.
GUNTHER and SHAHOOD, JJ., concur.