660 So.2d 291 (1995)
Leroni JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02736.
District Court of Appeal of Florida, Second District.
July 28, 1995.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert M. Butterworth, Atty. Gen., Tallahassee, and John M. Klawikofsky, Asst. Atty. Gen., Tampa, for appellee.
*292 WHATLEY, Judge.
Leroni Jones appeals his conviction and sentence for first-degree murder, attempted first-degree murder, armed robbery, possession of a firearm during the commission of a felony, and shooting within a dwelling. We find merit in his argument that the trial court erred in failing to excuse several potential jurors for cause. Accordingly, we reverse.
During voir dire, veniremember Davis indicated that he read newspaper accounts of the crime that led him to feel that Jones was guilty. The following exchange took place between the trial court and veniremember Davis:
COURT: Could you set that opinion aside?
DAVIS: Like I say, I think I can. I am pretty sure I could. It's just  I don't really remember much about the story when it first came out, but I don't know what may be in the back of my mind that I may remember later.
COURT: Would you be able to base any decision that you made solely on the evidence that you hear in court as opposed to something that you may have read or something you may remember having read later?
DAVIS: Yeah, I think I could do that.
Davis also indicated that he was a college student and was worried about missing an exam. The trial court asked Davis if he would hold it against anyone if he was not excused as a juror. Davis replied, "I basically said I was upset about it, yeah." The trial court denied the challenge of Davis for cause, and Jones exercised a peremptory challenge to excuse him.
In addition, veniremembers Johnson and Tate indicated that there was a possibility that they would find Jones guilty because of the highly emotional nature of the case, even if the state did not prove his guilt beyond and to the exclusion of a reasonable doubt. There was no attempt to rehabilitate these prospective jurors. The trial court denied the challenge of Johnson and Tate for cause, and Jones exercised two peremptory challenges to excuse them.
A fourth veniremember, Mudri, indicated that her mother was the victim of a robbery, and she felt that the incident would affect her ability to be impartial. When asked if she could set aside what happened to her mother and be a fair and impartial juror, Mudri indicated, "I think I can but still it holds a little bit, only if I can set everything aside." The trial court denied the challenge of Mudri for cause, and Jones exercised a peremptory challenge to excuse her.
We find that the trial court abused its discretion in denying Jones's challenges of Davis, Johnson, Tate, and Mudri for cause. In Ortiz v. State, 543 So.2d 377 (Fla. 3d DCA 1989), the court held that a juror should have been excused for cause after she indicated that she read a newspaper article about the crime and concluded the defendant was guilty. She later indicated that she could try to be fair and impartial. Similarly, even though Davis indicated that a newspaper article led him to believe that Jones was guilty, he thought he could render a verdict based solely on the evidence presented in court. However, this last statement did not render Davis a competent juror because it appears from his other statements that he did not possess a state of mind that would permit him to render an impartial verdict. See Singer v. State, 109 So.2d 7 (Fla. 1959). Consequently, the trial court should have granted Jones's challenge of Davis for cause.
The trial court should have also granted Jones's challenge of Johnson and Tate for cause. Both veniremembers indicated that there was a possibility that they would find Jones guilty, even if the state did not prove his guilt beyond a reasonable doubt. If there is a reasonable doubt as to a juror's ability to be impartial, then the juror should be excused for cause. Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995).
Finally, veniremember Mudri should have also been excused for cause. Her statement regarding her ability to be fair and impartial was sufficiently equivocal to raise a reasonable doubt as to her ability to render an impartial verdict. See Williams v. State, 638 So.2d 976 (Fla. 4th DCA), review granted, 648 So.2d 724 (Fla. 1994), review denied, 654 So.2d 920 (Fla. 1995) (juror should have been *293 excused for cause because he never unequivocally expressed that he could be fair and impartial).
To show that a trial court committed reversible error in denying a challenge for cause, a defendant must demonstrate that he used all of his peremptory challenges, made a request for an additional challenge that was denied, and that an objectionable juror was seated. Trotter v. State, 576 So.2d 691 (Fla. 1990). Jones was forced to exhaust all of his peremptory challenges because he was unable to have Davis, Johnson, Tate, and Mudri excused for cause.
Jones was then unable to exercise a peremptory challenge against juror Yarborough, who ultimately served on the jury. Jones properly identified juror Yarborough as an objectionable juror, whom he otherwise would have struck peremptorily. The question is not whether Yarborough was incorrectly seated, but rather whether Davis, Johnson, Tate, or Mudri should have been excused for cause. See Davis. The failure to excuse these four veniremembers for cause constituted reversible error because it forced Jones to exhaust his peremptory challenges on these individuals who should have been excused for cause. Trotter; Davis.
Accordingly, we reverse and remand for a new trial.
CAMPBELL, A.C.J., and FRANK, J., concur.