673 So.2d 875 (1996)
SEBRING ASSOCIATES, LTD. and Ann McCaslin d/b/a Little Caesars Pizza, Appellants/Cross-Appellees,
v.
Sandra AUMANN and Robert Aumann, Appellees/Cross-Appellants.
Nos. 94-03962, 94-04109.
District Court of Appeal of Florida, Second District.
March 1, 1996.
Bret T. Jardine, William E. Hennen, and Kenneth S. Takacs, Jr. of Shofi, Smith, Hennen, Jenkins, Stanley & Gramovot, P.A., Tampa, for Appellant/Cross-Appellee, Sebring Associates, Ltd.
Tracy Raffles Gunn and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant/Cross-Appellee, Ann McCaslin.
Don Russo of Law Offices of Don Russo, P.A., Coconut Grove, for Appellees/Cross-Appellants.
*876 WHATLEY, Judge.
In this personal injury action, the appellants, Sebring Associates, Ltd. and Ann McCaslin d/b/a Little Caesars Pizza, challenge a trial court order granting a motion for new trial filed by the appellees, Sandra and Robert Aumann. The appellants contend the trial court erred in finding that the Aumanns were entitled to a new trial on the basis that the jury was improperly impaneled. We agree with the appellants' contention and reverse. We find no merit in the Aumanns' claim on cross-appeal, however, that the trial court erred in failing to base its new trial order on the additional ground that the jury's verdict was against the manifest weight of the evidence. We, therefore, affirm on that point without discussion.
The Aumanns brought this action against the appellants for injuries Mrs. Aumann sustained when she slipped and fell at the entrance of a Little Caesars Pizza restaurant owned by McCaslin. At that time, Sebring owned the shopping center where the restaurant was located. After a three-day trial, the jury rendered a verdict in favor of the appellants, finding no liability. Thereafter, the Aumanns moved for a new trial, arguing that the jury was improperly impaneled and that the verdict was against the manifest weight of the evidence. After a hearing, the trial court granted the Aumanns' motion on the basis of the jury impanelment issue only. The appellants filed a timely notice of appeal, and the Aumanns cross-appealed.
While the granting of a new trial is ordinarily a matter within the sound discretion of the trial court, such discretion becomes limited when the decision turns on a question of law. See Tri-Pak Mach., Inc. v. Hartshorn, 644 So.2d 118 (Fla. 2d DCA 1994); Rety v. Green, 546 So.2d 410 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla. 1989); American Employers' Ins. Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA 1985). We conclude that the trial court in this instance erred as a matter of law in granting the Aumanns' motion for new trial.
"[I]t is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied." Hill v. State, 477 So.2d 553 (Fla.1985). To preserve the question, a party must show that as a result of such error, "an objectionable juror had to be accepted." See Trotter v. State, 576 So.2d 691, 693 (Fla. 1990), citing Pentecost v. State, 545 So.2d 861, 863 n. 1 (Fla.1989). See also Jones v. State, 660 So.2d 291 (Fla. 2d DCA 1995). Pursuant to Trotter, an objectionable juror is (1) "a specific juror whom [a party] otherwise would have struck peremptorily;" and (2) who was actually seated on the jury and whom a party "either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted." Id. at 863. See also Jones, 660 So.2d at 293.
During the jury selection process in the instant case, four potential jurors indicated that there was a proliferation of too many lawsuits in this countryparticularly with regard to slip and fall accidentsand that they would find it difficult to fairly judge such a case. After extensive questioning by counsel for both sides, the same four veniremembers expressed that they would "try" to be fair; however, none could make any promises. Though the Aumanns eventually challenged each of those individuals for cause, the trial court granted their motion only as to Ms. Knutson, who was the most fervent in her disapproval.
Thereafter, the Aumanns used the first three of their six peremptory strikes to eliminate the other three equivocating jurors. Upon using each of the first two strikes, the Aumanns requested additional peremptories. In denying each of those motions, the trial court instructed the Aumanns to renew the request when more challenges were needed. The Aumanns' third strike under those circumstances was thus unaccompanied by a request for additional challenges, as they still had three peremptories remaining at that point.
The Aumanns used their remaining three strikes on jurors whom they did not otherwise challenge for cause. Before using their last strike, however, the Aumanns postponed *877 making a decision on potential juror Card, so as to challenge another prospective juror for cause. When the trial court actually excused that juror for cause, the Aumanns accepted Mr. Card. They then used their last strike to eliminate someone else. The Aumanns made absolutely no requests for additional peremptories at that point. After the jury rendered its verdict, however, the Aumanns complained in their new trial motion that, but for having to use their first three peremptory strikes on jurors who should otherwise have been stricken for cause, they were forced to accept Mr. Card. They argued that Mr. Card was an objectionable juror because he was both a store and a shopping center owner, who had previously been sued in his capacity as a store owner.
The record shows the Aumanns voiced no complaints about the jury that was actually seated until after it rendered its verdict. As the supreme court noted in Trotter, a party "cannot stand by silently while an objectionable juror is seated and then, if the verdict is adverse, obtain a new trial." 576 So.2d at 693. Here, the Aumanns failed to request additional peremptory challenges once they exhausted their initial compliment of strikes. They further failed to identify Card as an objectionable juror whom they otherwise would have stricken peremptorily. Cf. Jones. The trial court therefore erred as a matter of law in determining that the Aumanns were entitled to a new trial.
Accordingly, the instant cause is reversed and remanded for reinstatement of the verdict and other proceedings consistent with this opinion.
THREADGILL, C.J., and PATTERSON, J., concur.