STONE, J.
We reverse an order granting Amalia Aumick (Aumick) a new trial following a jury verdict entered in favor of Hutchinson Island Club Condominium Association, Inc. (Hutchinson).
By agreement, the matter was tried in a binding summary jury trial under a trial court order governing the summary proceedings. The trial consisted of attorney argument and recitation of deposition testimony, from which the jury was instructed on the law and asked to render a verdict. The trial court procedure order included a provision stating:
4. This action shall be heard before a-six-member jury, to be selected from the general venire. Counsel for Plaintiff and Defendants will be permitted two peremptory challenges each to the veni-re or otherwise as ordered by the court.
The order further provided that objections will be received, if in the course of a presentation, counsel goes beyond the limits of propriety in representing statements as to evidence or argument thereon or if use of physical evidence is an issue.
The parties entered into a written stipulation which was made an attachment to the summary jury trial proceedings order, providing:
Both parties reserve their rights to appeal legal rulings by Judge Kenney regarding Motions in Limine, Jury Instructions and the Verdict form and/or any rulings he may have to make regarding objections we bring before him before trial regarding deposition testimony.
Both the order and stipulation are silent as to the parties’ right, if any, to additional challenges for cause.
The parties conducted voir dire in the presence of the court clerk and court reporter. The trial judge was not present. There were ten jurors in the venire provided by the clerk. At the conclusion of voir dire, Aumick exercised two peremptory challenges, and Hutchinson exercised one. Six persons remained to serve as the jury and the tenth was apparently excused. Aumick did not seek to challenge any of the jurors for cause, nor did she request additional peremptory challenges. No objection or comment was interposed at any time as to a challenge for cause, the lack of provision for challenges for cause, or the lack of sufficient panel members to accommodate that possibility.
The jury returned a verdict in favor of Hutchinson. Aumick moved for a new trial, asserting, among other grounds, that
[N]o opportunity was given to strike prospective jurors for cause. When agreeing to the binding summary jury trial proceeding, neither counsel for Plaintiff or [sic] Defense contemplated that no cause challenges would be allowed. Plaintiff was prejudiced by the inability to strike jurors for cause in that several prospective jurors would have been subject to being stricken based upon prejudice or bias against Plaintiffs case.[1]
(footnote added)
At the hearing on the motion for new trial, Aumick’s attorney stated that the *39 parties agreed to a binding summary jury trial, but by mutual mistake, neither party considered the lack of provision for cause strikes. Aumick’s counsel argued that Au-mick should not be denied the ability to exercise a challenge for cause because counsel on both sides “made a mistake and did not contemplate what ultimately happened.”
The trial judge granted Aumick’s motion for new trial, upon his finding that because only ten jurors were provided by the clerk, there were “insufficient venire members to excuse for cause.”
It is undisputed that Aumick raised no objection to the sufficiency of the venire to allow for challenges for cause at any time prior to her motion for new trial; nor is there any indication in the trial transcript that Aumick intended such a challenge. Furthermore, there is a complete lack of record support for any finding that additional jurors could not have been summoned from the jury pool had Aumick requested a cause strike.
The failure to challenge the method of impaneling a jury venire is waived if not raised in a timely objection. See State v. Silva, 259 So.2d 153 (Fla.1972). Therefore, Aumick’s failure to object to the procedure or lack of sufficient venire from which to exercise challenges for cause waived that argument for review on motion for new trial. See Griefer v. DiPietro, 625 So.2d 1226 (Fla. 4th DCA 1993).[2]
The denial of challenges for cause argument also fails for lack of preservation because Aumick failed to request a challenge for cause and subsequently failed to seek additional challenges. See Dobek v. Ans, 560 So.2d 328, 329 (Fla. 4th DCA 1990); Sebring Assocs., Ltd. v. Aumann, 673 So.2d 875 (Fla. 2d DCA 1996).
The provision governing the summary proceeding voir dire specifically allowed for two strikes per side unless otherwise ordered by the court, a provision which we interpret as giving Aumick the right to request additional strikes of the trial judge; therefore, the failure of the court order to specifically mention the right, if any, to challenge for cause could not, and did not, abridge her ability to seek to challenge jurors for cause.
We note that the jury strikes and confirmation that the six remaining panel members constituted the jury occurred out of the presence of the panel and is on the record. Aumick’s failure to timely object cannot be excused by the absence of the trial judge from the proceedings, as Au-mick could easily have made a record or taken a recess to address the problem with the trial judge at the time. Aumick’s fail.ure to raise this point until after the verdict, while presented on appeal as mistake of counsel, could well have been a strategic decision which Aumick objects to now, having received an adverse verdict. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990).
Regardless, even if error occurred, unpreserved errors as to the manner in which the parties exercise challenges are not fundamental. See Ter Keurst v. Miami Elevator Co., 486 So.2d 547 (Fla.1986). See also White v. State, 446 So.2d 1031 (Fla.1984); Melara v. Cicione, 712 So.2d 429 (Fla. 3d DCA 1998).
Accordingly, we conclude that it was error to grant a new trial based on the insufficiency of the venire panel for the exercise of challenges for cause because any error in the size of the panel was neither preserved nor fundamental, nor were challenges for cause timely sought by *40 Aumick.[3] We remand to reinstate the jury verdict and enter judgment thereon.
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. Two jurors did make statements that Au-mick asserts would be grounds for cause. Whether their comments would support granting such a challenge is not the issue before us, as only the grounds specified in the order granting new trial may be considered on appeal. See Grushoff v. Denny’s, Inc., 693 So.2d 1068 (Fla. 4th DCA 1997).

. We recognize that the supreme court has recently held that in certain circumstances a motion for new trial based on unpreserved objections to improper argument may be properly granted, see Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000); however, as allegations of improper argument were not involved here, we deem that holding inapposite.

. We also note that we have reviewed the transcript of the new trial motion hearing and do not construe it, as does counsel for Appel-lee, as corroborating an understanding between counsel as to preservation of the issue on appeal.