796 So.2d 570 (2001)
Johnny TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1315.
District Court of Appeal of Florida, Second District.
September 7, 2001.
*571 James Marion Moorman, Public Defender, and Frank D.L. Winstead, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Johnny Taylor challenges his judgment and sentence for resisting an officer with violence. On appeal Taylor contends the trial court erred in denying his challenge to strike a prospective juror for cause. We reverse.
Taylor was serving a prison sentence for an unrelated charge when he committed this offense. At approximately 7:20 a.m. on August 26, 1999, corrections officers Michael Dietz, William Eastwood, and Mark Colwell heard Taylor banging on his cell door and shouting something about his commissary food. Taylor persisted after being ordered to stop, and the officers ultimately entered the cell in order to subdue him and to prevent the disturbance from spreading to neighboring cells. Taylor was holding a pencil, and when the officers entered his cell, he assumed a fighting stance and began waving a pencil at them. When Taylor came toward the officers with the pencil, Officer Colwell sprayed him with pepper spray and attempted to "take him down." Officer Colwell's arm was cut with Taylor's pencil during the scuffle which ensued, and Taylor was charged with battery on a law enforcement officer and resisting an officer with violence. The jury found Taylor guilty of resisting an officer with violence but acquitted him of the battery charge.
Taylor argues that the trial court erred in denying his challenge for cause of Mr. Dix, requiring him to use a peremptory strike to remove Mr. Dix from the panel. We conclude that Mr. Dix's responses demonstrated a bias in favor of law enforcement, justifying his removal for cause.
During voir dire, defense counsel Scotese asked the panel, "Do you have any impressions about what I just brought up as far as the issue of do [law enforcement officers] deserve protection or more protection [than inmates]?" Taylor contends, and we agree, that the following response demonstrates Mr. Dix's bias:
[Mr. Dix]: Well, I have a relative who is an officer, who's been an officer, a law enforcement officer over 20 years. You know, back to the original question you asked as far as making an unbiased decision, I feel I could, but you brought some issues up that I've spoken with him about before, and I'd tend to probably lean more toward the officers having more protection.
After being given additional time to inquire, defense counsel pursued this line of questioning by asking, "The issues that I brought up now, Mr. Dix, do you now, do you have any doubt about whether you'll be able to be open minded and fair in this case?" Mr. Dix responded, "Well, I feel I can make a fair decision, but what you brought up, I'm having second thoughts." When the parties approached the bench to exercise their strikes, the State argued *572 that defense counsel's inquiry and Mr. Dix's response did not demonstrate the need to strike Mr. Dix for cause. Both the prosecutor and the trial court observed that defense counsel's questions were vague and pressed defense counsel to ask the ultimate question, i.e., whether Mr. Dix could be fair and impartial and follow the law. Defense counsel disagreed that this was the appropriate question to ask an equivocal venire person and invited the State to rehabilitate Mr. Dix. The State's subsequent attempts were met with numerous objections, and at the bench conference on defense counsel's fourth objection, counsel argued that the State should not be permitted to "go ahead and rehabilitate every single person." Counsel then requested that the inquiry cease and that the parties be allowed to exercise their strikes. The State had no objection, and they proceeded with jury selection. Defense counsel's subsequent request to strike Mr. Dix for cause was denied.
The issue of whether a juror is competent to serve presents a mixed question of law and fact which is determined by the trial court; the trial court's decision will not be disturbed without a showing of manifest error. Puiatti v. Dugger, 589 So.2d 231, 235 (Fla.1991). It is not the defense's burden to rehabilitate a juror who has responded in a manner that would sustain a challenge for cause. Instead, the proper procedure is for either the prosecutor or judge to inquire and make sure that the venire person can be an impartial juror and follow the law. Bryant v. State, 601 So.2d 529, 532 (Fla.1992). Mr. Dix's responses during voir dire clearly did not express "a final, neutral, and detached determination to sit as a fair and impartial juror." Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989).
The defendant who challenges his conviction based on a claim that he was improperly forced to exhaust his peremptory challenges must identify a specific venire person whom he would have removed peremptorily. Trotter v. State, 576 So.2d 691, 693 (Fla.1990). This person must have actually been seated on the panel, and the defendant must have objected to this individual after exhausting his peremptory challenges. Id. Furthermore, the defendant must have requested an additional peremptory strike to remove the objectionable venire person. Jones v. State, 660 So.2d 291, 293 (Fla. 2d DCA 1995). In the present case, Taylor requested an additional peremptory challenge to remove prospective juror Bahr. His request was denied, and Ms. Bahr ultimately served on the jury. Taylor is, therefore, entitled to relief on this issue.
Reversed and remanded for new trial.
FULMER, A.C.J., and WHATLEY, J., Concur.