BLUE, Chief Judge.
Clayton Eugene Darr appeals his convictions for burglary and petit theft. He argues that the trial court erred by denying cause challenges to several members of the venire who expressed ambivalence over a defendant’s decision not to testify. The issue was properly preserved. See Taylor v. State, 796 So.2d 570, 572 (Fla. 2d DCA 2001). We reverse.
If there is any ground for reasonable doubt regarding whether a venire-member can render an impartial verdict based solely on the evidence and the law, the veniremember should be excused for cause. Hill v. State, 477 So.2d 553, 555 (Fla.1985). The appellate standard of review for a ruling on a cause challenge is abuse of discretion. Singleton v. State, 783 So.2d 970, 976 (Fla.2001).
During voir dire, the defense attorney inquired regarding the State’s burden of proof and then informed the jury about his client’s right to remain silent. The defense attorney inquired if the venire- *1094 members would be influenced by a defendant’s decision to remain silent. Several veniremembers expressed a problem. One veniremember in particular stated that “it’s an evenly balanced scale and the State presents evidence to prove he is guilty, that that weights the scale and you have to give a rebuttal of some sort.... I understand that the Judge will say that it shouldn’t affect you, but I think it would affect me.”
The trial court interrupted at this point and told the venire, “If you can’t follow the law, you don’t belong here.” The trial court then told the jury that the right to remain silent was a basic principle of constitutional significance. During the trial court’s explanation, the veniremember quoted above twice tried to interject but was unsuccessful. Defense counsel continued questioning the venire, and two members continued to express a problem if the defendant chose not to testify. After defense counsel ran out of time, the trial court told the venire that under the law, a defendant is not required to testify and the jury is not allowed to use that against the defendant. To the trial court’s point-blank question of each veniremember, “Can you follow that law?” each one responded yes. The trial court denied the defense request to strike four veniremembers for cause based upon their ambivalent answers on this issue. The trial court also denied a defense request for additional strikes, and defense counsel identified a juror he would have stricken.
We conclude that the trial court abused its discretion by denying the challenges for cause, particularly as to the veniremember who expressed his opinion that a defendant would have to rebut the State’s case. Although the trial court elicited a positive response from the venire on this issue, the supreme court has noted that “[i]t is difficult for any person to admit that he is incapable of being able to judge fairly and impartially.” Singer v. State, 109 So.2d 7, 24 (Fla.1959).
[A] juror’s statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him [or] from other evidence that he is not possessed of a state of mind which will enable him to do so.
109 So.2d at 24. As noted by a recent opinion from the Fourth District, “a juror’s response to a judge’s question may be different than if asked by one of the attorneys to explain their belief.” Campbell v. State, 812 So.2d 540, 543 (Fla. 4th DCA 2002) (finding an abuse of discretion where only trial court was allowed to question venire regarding presumption of innocence and burden of proof). In Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989), the Third District reversed based on the trial court’s denial of a cause challenge to a veniremember who expressed concern about whether her husband’s relationship with the victim’s family would impact her deliberations. The Third District reversed, even though the trial court appeared to rehabilitate the veniremember, stating:
It is difficult, if not impossible, to understand the reasoning which leads to the conclusion that a person stands free of bias [or] prejudice who having voluntarily and emphatically asserted its existence in his mind, in the next moment under skillful questioning declares his freedom from its influence. By what sort of principle is it to be determined that the last statement of the man is better and more worthy of belief than the former?
538 So.2d at 489 (quoting Johnson v. Reynolds, 97 Fla. 591, 121 So. 793, 796 (1929)). In this case, several venire- *1095 members expressed ambivalence regarding a defendant’s decision not to testify, and their subsequent agreement with the trial court was not sufficient to overcome their earlier statements. See Singer, 109 So.2d at 24. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.