CRENSHAW, Judge.
Santiago Reyes appeals his life sentence for sexual battery on a child less than twelve years of age. On appeal he argues that the trial court erred in denying his request to excuse a potential juror for cause. We agree and reverse and remand for a new trial.
We review the trial court’s ruling on a cause challenge for an abuse of discretion. Darr v. State, 817 So.2d 1093, 1093 (Fla. 2d DCA 2002) (citing Singleton v. State, 783 So.2d 970, 976 (Fla.2001)); see also Peters v. State, 874 So.2d 677, 679 (Fla. 4th DCA 2004) (“While the decision to accept or dismiss a putative juror is considered an exercise in discretion, we view the seating of a juror as to whom there is a reasonable doubt concerning impartiality an abuse of discretion and thus ‘manifest error.’ ”).
Reyes was charged with sexual battery on a child less than twelve years of age based on an alleged incident that took place in May 2008. At trial, the venire consisted of forty individuals — six of whom were sworn as jurors. During voir dire, a potential juror stated that she worked for four-and-a-half years in a youth shelter where she was involved with children who were victims of sex abuse. When asked by the State, “Would your involvement with them affect your ability to focus on the facts we present to you?” the following exchange took place:
[Juror]: Very possible. My mother— there were things in my family with my mother and her sister. There is something on my boyfriend’s side with his grandson.
[State]: That are possible victims of sex abuse?
[Juror]: Yes, ma'am.
[State]: You don’t think you could put those aside?
*816 [Juror]: I have seen, when it comes to my mother and sister — or her sister, I mean — what they have gone through in their lives. It would be very difficult actually.
(Emphasis added.) The juror also indicated that she wanted to keep a matter private regarding legal proceedings. Upon completion of the voir dire examination, the trial court addressed challenges to the panel by going down a list of each venire member. By the time the trial court reached the juror at issue, who was the thirty-ninth individual listed, both the State and Reyes had exhausted their ten peremptory challenges. Thirteen for-cause challenges had been granted, leaving seven potential jurors to serve on the six-member panel. Upon reaching the juror’s name on the list, the trial court called the juror to the courtroom to discuss the matter she wished to speak about in private:
[Court]: There was an indication you felt you needed to talk about something. [Juror]: Yes. When it comes to my son, there was a drug case in 2007. The way I believe, if you do the crime, you do the time. He did do his time. I felt that needed to come out. I was involved in that. I had to get his attorney.
[Court]: Does counsel want to ask her any questions?
[State]: Would your involvement with your son affect your ability to be fair and impartial in this case?
[Juror]: No. He moved out of the state to get away from everything. Like I said, he did wrong. That’s his problem. He did it, not me. He knew right from wrong.
[Court]: Anything?
[Defense counsel]: To reiterate, I know this is regarding your son. You can be fair. But with the actual charges and respect to your family history, can you be fair based on that charge?
[Juror]: I don’t know. What happened with my mother and her sister happened years ago. That was pushed under the mg because nobody wanted to believe it happened to them. That was with them. Now, recently, back in July, my boyfriend’s grandson, there was a family member on his wife’s side who was accused of asking my boyfriend’s grandson to do something with him. I don’t know if it is true or isn’t.
[Defense counsel]: You would have difficulty ? You are not for sure ?
[Juror]: Uh-huh.
(Emphasis added.) Once the juror was excused, defense counsel asked for a cause challenge “regarding whether [the juror] is not sure if she is fair and impartial regarding the sex cases and what has gone on in her personal life.” The State objected to the challenge, and the trial court sustained the objection, stating, “I think my opinion is that she can be a fair and impartial juror.” Defense counsel then stated, “Your Honor, since the Court did deny the cause challenge, we ask permission, although we are out of strikes, we would ask for a strike on [the juror] because we would have used it, had we had one.” The trial court denied the request for an additional peremptory strike. A strike for the alternate seventh juror was granted, and the trial court noted, “I will not get an alternate. I will go ahead and take a chance.”
We first note that Reyes’ counsel properly preserved the issue for appeal by “requesting the additional peremptory challenge, objecting to the court’s denial, and identifying the juror he was required to accept as objectionable.” Joseph v. State, 983 So.2d 781, 783 (Fla. 4th DCA 2008) (citing Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000)); see also Adkins v. State, 736 So.2d 719, 720-21 (Fla. 2d *817 DCA 1999). We conclude based on the nature of the crime at issue and the responses the juror provided during the information-gathering process that the trial court erred in denying Reyes’ cause challenge of the juror. A juror should be excused for cause where there is reasonable doubt concerning the juror’s ability to render an impartial verdict. Darr, 817 So.2d at 1093 (citing Hill v. State, 477 So.2d 553, 555 (Fla.1985)). “In close cases, any doubt as to a juror’s competency should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.” Thomas v. State, 958 So.2d 1047, 1050 (Fla. 2d DCA 2007).
The circumstances before this court did not create a close case because there was ample information provided by the juror to create reasonable doubt as to her impartiality. After describing her involvement with child victims of sex abuse, the juror stated it was “very possible” her experience would affect her ability to focus on the facts of the present case. She described impartiality as “very difficult” in light of the sex abuse issues involving her family members. And even though she confirmed that her son’s legal issues would not affect her ability to be fair and impartial, she stated a second time that she would have difficulty with impartiality based on the sex abuse issues in her family. In fact, she described the sex abuse issues regarding her mother and her mother’s sister as “pushed under the rug because nobody wanted to believe it happened to them.” Based on this information, we find it would be very difficult for anyone with the described background to make a fair and impartial credibility determination based on facts involving accusations of sexual misconduct towards a child. And because the juror’s responses during voir dire “clearly did not express ‘a final, neutral, and detached determination to sit as a fair and impartial juror,’ ” creating reasonable doubt as to her impartiality, we find the trial court reversibly erred in denying Reyes’ cause challenge and subsequent motion for an additional peremptory challenge. Taylor v. State, 796 So.2d 570, 572 (Fla. 2d DCA 2001) (quoting Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989)).
Accordingly, we reverse and remand for a new trial based upon the trial court’s denial of Reyes’ cause challenge of this specific juror.
Reversed and remanded.
CASANUEVA, C.J., and VILLANTI, J., Concur.