ROTHENBERG, J.
The defendant, Ronald Mans, appeals from his conviction and sentence for the sale of cocaine, claiming that the trial court reversibly erred by denying his challenges for cause of two prospective jurors, Mr. Chinchilla and Ms. Rodriguez.[1] Following our review of the record, we affirm.
*168 “It is within the trial court’s' province to determine whether a challenge for cause should be granted based on a juror’s competency, and such a determination will not be disturbed on appeal absent manifest error.” Guzman v. State, 934 So.2d 11, 14 (Fla. 3d DCA 2006) (citing Busby v. State, 894 So.2d 88, 95 (Fla.2004)); see also Matarranz v. State, — So.3d -, -, 2011 WL 3300367 (Fla. 3d DCA 2011). “The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court.” Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984); see also Guzman, 934 So.2d at 14-15. Further, if the record before this Court supports the trial court’s decision to deny a challenge for cause, we will uphold the decision on appeal. Guzman, 934 So.2d at 15. This is so “because trial courts have a unique vantage point in their observation of jurors’ voir dire responses.” Conde v. State, 860 So.2d 930, 939 (Fla.2003); see also Matarranz, — So.3d at -; Guzman, 934 So.2d at 15 (“A trial judge has a unique vantage point from which to evaluate potential juror bias and make observations of the juror’s voir dire responses, which cannot be discerned by [an appellate] court’s review of a cold appellate record.”).
Here, prospective jurors Chinchilla and Rodriguez initially made statements calling into question their competency to serve as jurors. However, a complete review of the voir dire clearly indicates that the trial court and the prosecutor successfully rehabilitated both Chinchilla and Rodriguez. See Gore v. State, 706 So.2d 1328, 1332 (Fla.1997) (holding that trial judge, who was in better position to assess the credibility of venire membei’s, did not abuse his discretion in declining to excuse the challenged venire members whei'e the record showed that “[although they expressed certain biases and prejudices, each of them also stated that they could set aside their personal views and follow the law in light of the evidence pi’esented”); Bryant v. State, 601 So.2d 529, 532 (Fla.1992) (“The appropi’iate procedure, when the record preliminai'ily establishes that a juror’s views could pi'event or substantially impair his or her duties, is for either the prosecutor or the judge to make sure the prospective juror can be an impartial member of the jury.”); Taylor v. State, 796 So.2d 570, 572 (Fla. 2d DCA 2001). We therefore conclude that the trial court did not abuse its discretion by denying the defendant’s motion to challenge prospective juroi’S Chinchilla and Rodriguez for cause, and because the remaining issue raised by the defendant lacks merit, we affirm.
Affirmed.

. The State acknowledges that defense counsel properly preserved this issue for appellate review. See Carratelli v. State, 961 So.2d 312, 318-19 (Fla.2007).