FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0058
_____

SARAH ANDERSON, as Personal
Representative of the Estate of
Hosey Anderson, deceased,

    Appellant/Cross-Appellee,

    v.

R.J. REYNOLDS TOBACCO
COMPANY, a foreign corporation
and PHILIP MORRIS USA, INC., a
foreign corporation,

    Appellees/Cross-Appellants.

_____


On appeal from the Circuit Court for Gadsden County.
David Michael Frank, Judge.

February 5, 2025


PER CURIAM.

    Sarah Anderson, as personal representative of the estate of
Hosey Anderson, appeals a final judgment in favor of R.J. Reynolds
Tobacco Company and Philip Morris USA, Inc. ("Defendants").
She argues that the trial court erred when it denied her motion for
new trial and that the final judgment must be reversed because of
an error by the trial court and clerk of court when assembling the
venire. During voir dire, Defendants moved to strike the venire.
Anderson did not oppose the motion, but neither did she join the

motion.  Prior to the jury's being sworn, Defendants renewed their objection to the venire.  Anderson, again, neither opposed nor joined the objection.  This was insufficient to preserve the objection for Anderson.  *Cf. Johnson v. State*, 726 So. 2d 359, 360 (Fla. 1st DCA 1999) ("The point is not, however, preserved for review.  Mr. Johnson's trial counsel did not object to the testimony now complained of, and failed to join in the co-defendant's objection to the testimony.").  Anderson did not lodge an objection to the venire until after the jury returned an adverse verdict.  *See Terry v. State*, 351 So. 3d 1190 (Fla. 1st DCA 2022) ("Before an appellate court may review a voir dire challenge objection, the objection must be properly preserved."); *Hutchinson Island Club Condo. Ass'n v. Degraw*, 774 So. 2d 37, 39 (Fla. 4th DCA 2000) ("The failure to challenge the method of impaneling a jury venire is waived if not raised in a timely objection.  Therefore, [Plaintiff's] failure to object to the procedure or lack of sufficient venire . . . waived that argument for review on motion for new trial.") (citations omitted).  Because Anderson waived this issue, the trial court did not abuse its discretion when it denied the motion for new trial.  *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 305 (Fla. 2017) (noting that a trial court's finding of waiver is reviewed for an abuse of discretion).

AFFIRMED.

ROWE, KELSEY, and LONG, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Bard D. Rockenbach of Burlington and Rockenbach, P.A., West Palm Beach; and Richard J. Diaz and Carlos R. Salazar of Richard J. Diaz, P.A., Coral Gables; and Carlos Santisteban Jr. of Carlos Santisteban, P.A., Miami; and Robert D. Trammell of Robert Trammell, P.A., Tallahassee; and J.B. Harris of J.B. Harris, P.A., Coral Gables, for Appellant/Cross-Appellee.

Troy A. Fuhrman and Marie A. Borland of Hill Ward Henderson, Tampa; and Charles A. Morse of Jones Day, Atlanta, GA; and Charles F. Beall, Jr. and Larry Hill of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellee/Cross-Appellant R.J. Reynolds Tobacco Company.

David M. Menichetti of Arnold & Porter Kaye Scholer LLP, Washington, DC; and Scott A. Chesin of Shook, Hardy & Bacon LLP, New York, NY, and Stacey E. Deere and Melissa Plunkett of Shook, Hardy & Bacon LLP, Kansas City, MO, and William P. Geraghty and Hassia T. Diolombi of Shook, Hardy & Bacon LLP, Miami, and Laura K. Whitmore of Shook, Hardy & Bacon LLP, Tampa, for Appellee/Cross-Appellant Philip Morris USA, Inc.