539 So.2d 1158 (1989)
Frances E. GOFF, As Guardian of James E. Goff, Incompetent, Appellant,
v.
392208 ONTARIO LTD. and 97897 Canada, Ltd., D/B/a Atlantis On Brickell Associates, and Cohen-Ager, Inc., Appellees.
Nos. 87-921, 87-2225.
District Court of Appeal of Florida, Third District.
February 28, 1989.
John B. Ostrow, Dunn & Johnson, James C. Blecke, Miami, and Susan S. Lerner, for appellant.
Joe N. Unger, Welsh & Telander, Miami, for appellees.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
This is an appeal by the plaintiff from a final judgment entered in his favor based on a jury verdict which he contends awards him inadequate damages in a negligence action arising from a serious construction-site accident. We reverse, in part, the final judgment under review and remand the cause for a new trial on damages based on the following briefly stated legal analysis.
First, the trial court erroneously denied the plaintiff's motion for new trial on damages because the $410,000 in damages *1159 awarded by the jury was grossly inadequate. Given the permanent brain damage suffered by the plaintiff in this case, the $122,828.46 of past medical expenses incurred, the probable medical expenses for the future, the loss of past and future earnings, and pain and suffering endured from the injury sustained, the amount of damages awarded is plainly against the manifest weight of the evidence. A new trial on damages is therefore required. See Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1969); Radiant Oil Co. v. Herring, 146 Fla. 154, 157, 200 So. 376, 378 (1941); Pickel v. Rosen, 214 So.2d 730, 731 (Fla. 3d DCA 1968).
Second, the trial court committed reversible error when it erroneously overruled the plaintiff's objection to defense counsel's concededly improper comment to the jury, which was not based on any evidence before the court, that a VA hospital room "doesn't cost him anything," referring to the plaintiff who was a military veteran. See Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821, 826 (Fla. 1983); Mein, Joest & Hayes, M.D., P.A. v. Weiss, 516 So.2d 299, 300 (Fla. 1st DCA 1987); Rommell v. Firestone Tire & Rubber Co., 394 So.2d 572, 574 (Fla. 5th DCA 1981). Contrary to the defendants' central argument in their brief, this point was properly preserved for appeal when the above-stated objection was overruled by the trial court; there was no necessity for the plaintiff to make a subsequent motion for mistrial, as such a motion would have been entirely futile in view of the trial court's prior ruling that the offending comment was proper. Simmons v. Baptist Hosp. of Miami, Inc., 454 So.2d 681, 682 (Fla. 3d DCA 1984); Simpson v. State, 418 So.2d 984, 986 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983). Beyond that, we reject the defendants' further argument that the plaintiff waived this point for appellate review by refusing the trial court's invitation to present evidence refuting defense counsel's improper comment and to present an argument thereon to the jury; the plaintiff was under no obligation to "cure" the trial court's error here. Finally, the above-stated comment was highly prejudicial to the plaintiff and may very well have influenced the jury to return the inadequate amount of damages awarded herein, as the jury could have believed that the plaintiff's future medical expenses would be extremely limited in view of the free hospitalization he was allegedly entitled to receive as a military veteran.
The final judgment under review is affirmed insofar as it enters judgment for the plaintiff, but is reversed as to the amount of damages awarded, and the cause is remanded to the trial court for a new trial on damages.