614 So.2d 1195 (1993)
Richard A. NEWTON, as Administrator of the Estate of Patricia W. Newton, deceased, Appellant,
v.
SOUTH FLORIDA BAPTIST HOSPITAL and Paul K. Perry, M.D., Appellees.
No. 92-00350.
District Court of Appeal of Florida, Second District.
February 26, 1993.
Charles T. Canady and Robert L. Trohn of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellant.
Gregory F. Reis of Adams, Hill, Reis, Adams & Hall, Orlando, for appellee South Florida Baptist Hosp.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee Paul K. Perry, M.D.
*1196 RYDER, Acting Chief Judge.
Richard A. Newton attacks the judgment entered in favor of South Florida Baptist Hospital and Paul K. Perry, M.D. on Newton's claim for the wrongful death of his wife, Patricia. Newton raises four issues for our consideration. We hold that none of the alleged errors warrants reversal, and we therefore affirm.
Although affirming, we believe that one of Newton's points on appeal merits discussion. He asserts that a new trial should have been granted because counsel for the Hospital made personal and allegedly prejudicial remarks about the death of his father-in-law during his closing argument. Newton objected to the remarks and the trial court responded:
Ladies and gentlemen, as I indicated, this is final argument. What the attorneys say is not evidence. It's meant to persuade you. You will consider in light of that.
Newton did not object further, although the Hospital's counsel continued to discuss his father-in-law's death, nor did Newton move for a mistrial.
We are troubled by the Hospital's remarks. Improper statements in closing argument can provide grounds for a new trial. Martin v. State Farm Mut. Auto. Ins. Co., 392 So.2d 11 (Fla. 5th DCA 1980). The Hospital, however, contends that Newton's failure to request a mistrial constitutes a waiver of his objection.
Whether a party is required to seek a mistrial in this situation turns on whether the trial court sustained or overruled the objection. If a trial court finds a comment improper and sustains a party's contemporaneous objection, the party must move for mistrial if he wishes to preserve his objection. Ed Ricke and Sons, Inc. v. Green, 468 So.2d 908 (Fla. 1985); Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983). If a contemporaneous objection is overruled, however, there is no reason for a party to seek a mistrial. In overruling the objection, the trial court has determined that the comment was not improper. Once the court makes that determination, there is no basis for the court to grant a mistrial, even if a party were to request one. When an objection is overruled, it is preserved for appeal without the necessity of moving for a mistrial. Simpson, 418 So.2d at 986; Goff v. 392208 Ontario Ltd., 539 So.2d 1158 (Fla. 3d DCA 1989).
Newton argues that the trial court overruled his objection. The Hospital and Dr. Perry take the position that the objection was sustained and that the court's remarks were a curative instruction. As these conflicting positions demonstrate, the trial court's statement was somewhat ambiguous. At the outset, we note that Newton should have asked the trial court to clarify its ruling. A party's "[f]ailure to secure a ruling on an objection waives it... ." Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1986), review denied, 511 So.2d 299 (Fla. 1987). We are aware that the Fourth District does not require a litigant to seek clarification of an ambiguous ruling in order to preserve the objection on appeal, Colvin v. Williams, 564 So.2d 1249 (Fla. 4th DCA 1990), but we agree with Schreidell. Newton waived his objection by failing to obtain a clear ruling on his objection.
Moreover, after reviewing the record, we agree with the Hospital and Dr. Perry that the trial court sustained Newton's objection. Newton's failure to move for a mistrial is an additional waiver of his argument concerning the Hospital's closing remarks. Simpson.
Affirmed.
FRANK and PARKER, JJ., concur.