619 So.2d 318 (1993)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Hely Saul GONZALEZ and Mary Ann Gonzalez, Appellees.
No. 91-2337.
District Court of Appeal of Florida, Third District.
April 20, 1993.
Rehearing Denied June 22, 1993.
*319 Jack Whitelock, Jr., Miami, for appellant.
Magill & Lewis and R. Fred Lewis, Miami, for appellees.
Before BARKDULL, COPE and GODERICH, JJ.
BARKDULL, Judge.
Appellant/Defendant Allstate appeals the trial court's order granting a J.N.O.V. after a jury had found that appellees/plaintiffs were not entitled to recover an insurance claim that Allstate alleged to be fraudulent.
Appellees had a homeowners' policy with Allstate. In August 1988, appellees submitted a claim for loss due to an alleged theft. The claim was for $36,357.78 and represented mainly jewelry, cash, and personal effects. Appellees also submitted approximately forty-five pages of documentation and itemization. Of specific importance to the claim were two items: 1) a ring valued at $5,595, and 2) three receipts for costume jewelry.
Appellees had previously submitted to Allstate a claim for theft in March 1985. That claim was paid within a month after the proof of loss had been submitted. Included in that 1985 claim was a submitted receipt for a ring purchased in 1975. That same receipt was submitted for the 1988 claim, which is the claim at issue in this cause. Accordingly, appellees were then asked by Allstate to give sworn statements relating to the 1988 claim. Appellee Mr. Gonzalez testified that the ring had been in his possession since 1975. Appellees presented evidence at trial below, however, that Mr. Gonzalez had owned two rings, the one obtained in 1975 which was stolen and claimed in 1985, and the other (purchased for $5,595) obtained in 1981 which was stolen and claimed in 1988. Appellee also had the 1981 ring appraised at the request of Allstate in August 1985, after the 1985 claim had been submitted.
Appellees also submitted three sequentially numbered invoice receipts from a store named Chain Reaction for the 1988 claim at issue. These receipts were dated months apart, with the highest numbered receipt dated the earliest. The receipts were also included within Mr. Gonzalez' sworn statement. Don King, Allstate's adjuster, attempted to verify the receipts, but was told by Chain Reaction that the receipts were not kept that far back in time.
Based upon the above, Allstate denied appellees' 1988 claim. When Mr. Gonzalez discovered that the claim was denied because of the twice submitted receipt, Mr. Gonzalez submitted the receipt for the 1981 ring and stated that the wrong receipt had been inadvertently submitted. Allstate nevertheless denied the claim and appellees then sued below. Allstate defended on the basis that the policy was void due to misrepresentations related to the loss.
During the policy coverage period, appellees also applied for and secured homeowners' coverage with Motor Club of America, and submitted a $30,000 claim in August 1990. That claim was never reported to Allstate, and appellees affirmatively had represented in the Motor Club application that they had never had a prior loss.
At trial, Mr. Gonzalez and Don King testified. The testimony was uncontroverted that the same receipt for the ring had *320 been submitted for both claims. Mr. Gonzalez testified, however, that the receipt had been inadvertently submitted, and further that he was confused as to his sworn statement because he was under the influence of alcohol and medication. After the close of evidence, appellees did not move for a directed verdict. The jury found that there had been concealments and misrepresentations and returned a verdict in favor of Allstate.
Appellees then moved for a new trial. The trial court found that insufficient evidence of misrepresentation was presented to justify the jury's verdict, and that the evidence demonstrated that appellees erroneously submitted the incorrect bill for the incorrect ring with their proof of loss. The court also found that Allstate did not advise appellees for 10 months as to why it was delaying payment to appellees, and that appellees immediately attempted to correct the error when it was discovered. Accordingly, the court entered an order of J.N.O.V. for the amount of $16,661, the previously stipulated correct amount if the jury had found for appellees. The court also held that if the J.N.O.V. was set aside on appeal, appellees' motion for a new trial was granted,[1] the court finding that it erred by the exclusion of certain testimony. This appeal ensued.
We reverse as to the J.N.O.V., but affirm as to the order granting a new trial. We reverse as to the J.N.O.V. because the appellees did not move for a directed verdict at trial and thereby waived their right to request a J.N.O.V. Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88 (Fla. 1985); 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958); Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761 (Fla. 1st DCA 1986); Hall v. Ricardo, 331 So.2d 375 (Fla. 3d DCA 1976). We do not find that the trial court abused its discretion in ordering a new trial. Ford Motor Company v. Kikis, 401 So.2d 1341 (Fla. 1981); Continuum Condominium Ass'n, Inc. v. Continuum VI, Inc., 549 So.2d 1125 (Fla. 3d DCA 1989). Therefore, the final judgment under review is reversed for a new trial.
Reversed in part, affirmed in part, and returned to the trial court with directions.
NOTES
[1] Frazier v. Seaboard Sys. R.R., Inc., 508 So.2d 345 (Fla. 1987); Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA 1985).