644 So.2d 118 (1994)
TRI-PAK MACHINERY, INC., formerly known as Tri-Pak Machinery Services, Inc., a foreign corporation, Appellant,
v.
Betty M. HARTSHORN and Henry W. Hartshorn, Appellees.
No. 94-00144.
District Court of Appeal of Florida, Second District.
October 14, 1994.
*119 Chester L. Skipper, St. Petersburg, for appellant.
John R. Graves, Jr., of John R. Graves, Jr., Chartered, Sarasota, for appellees.
ALTENBERND, Judge.
Tri-Pak Machinery, Inc., appeals an order granting Betty Hartshorn and her husband a new trial in a personal injury lawsuit. We reverse because the issues the trial court relied upon when granting a new trial do not involve errors warranting a new trial.
Mrs. Hartshorn worked as a tomato grader at West Coast Tomato Company. Along with several other employees, she sorted tomatoes on a conveyor line. On April 19, 1990, she claimed that she pinched her fingers between two rollers in the conveyor. The conveyor had been manufactured by Tri-Pak Machinery.
No witness other than Mrs. Hartshorn claimed to have seen this incident. There was no evidence of any prior similar accidents with this type of conveyor. The rollers were moving in the same direction and could not pull objects between them like a wringer. Mrs. Hartshorn did not sustain any fractures, but a medical examination a few hours after the incident revealed that her fingers were bruised. Medical experts disagreed concerning the nature and extent of any neurological injury resulting from this incident.
The case was submitted to a jury with instructions on strict liability and negligence. The jury returned a special interrogatory verdict in favor of Tri-Pak Machinery on both theories. Thus, the jury did not reach the questions on the verdict form addressing the issues of comparative negligence and damages.
On posttrial motions, the trial court granted a new trial. It did not conclude that the verdict was against the manifest weight of the evidence. Instead, the trial court granted a new trial because it believed it had erred in four legal rulings. Of these four rulings, we conclude that the trial court did not err on the only issue that logically should have affected the verdict. Even if the remaining legal rulings were incorrect, and we doubt that they were, those potential errors did not involve the issues of liability. We find no error that would allow one judge or three judges to override this jury's verdict.
The rules describing a trial court's power to grant a new trial and our power to review such a decision are well-established. A trial court has broad discretion when deciding whether to override a jury's verdict on the ground that it is contrary to the manifest weight of the evidence. Baptist Memorial Hosp. v. Bell, 384 So.2d 145 (Fla. 1980); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). But "the closer an issue comes to being purely legal in nature, the less discretion a trial court enjoys in ruling on a new trial motion." Office Depot, Inc. v. Miller, 584 So.2d 587, 589 (Fla. 4th DCA 1991). This discretion is significantly reduced when the motion concerns a purely legal question. Rety v. Green, 546 So.2d 410 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla. 1989). This is so because an error involving a purely legal question can be as accurately reviewed from an appellate record as from the trial judge's bench.[1] The trial judge does not *120 have a "superior vantage point" for review of legal errors, as compared to other trial errors. Office Depot, 584 So.2d at 589; see American Employers' Ins. Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA), cause dismissed, 485 So.2d 426 (Fla. 1985). Finally, if an issue is not preserved prior to the posttrial hearing, the trial court's power to grant a new trial is further restricted to those exceptional errors that are fundamental. Cronin v. Kitler, 485 So.2d 440 (Fla. 2d DCA), review denied, 492 So.2d 1333 (Fla. 1986); Wasden v. Seaboard Coast Line R.R., 474 So.2d 825 (Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986).
With regard to the four legal rulings relied upon by the trial court, the first ground involves an omitted special jury instruction relating to the issues of liability. The trial court decided that it erred by refusing to give a special instruction stating that the violation of "engineering industry and organizational standards" was evidence of negligence or defect. No expert testified at trial to the existence of any formal industry standard or any published regulation. In the light most favorable to the plaintiff, the experts' testimony did not even describe an oral standard beyond the generic duty of reasonable care. The trial court committed no legal error in this case by refusing to give this special instruction. Alderman v. Wysong & Miles Co., 486 So.2d 673 (Fla. 1st DCA 1986).[2]
Second, the trial court concluded that it should have given a special instruction advising the jury that
any negligence of the user or purchaser of the produce [sic] in the sense of a failure to discover a defect in a product or to guard against the possibility of the defect's existence, is not a defense to the claim that the product was defective and unreasonably dangerous.
Even if this instruction is a correct statement of the law, the trial court did not err by omitting it. Tri-Pak Machinery did not present evidence or make a closing argument suggesting that Mrs. Hartshorn should have discovered or guarded against a defect. It argued that the product was not defective, had never caused a similar accident, and that Mrs. Hartshorn was not accurately describing the source of any injury she may have sustained. Moreover, this instruction related primarily to the defense of comparative negligence and not to the issues of liability. The jury, in reaching a defense verdict, was not misled by the failure to supplement the standard instructions with this special instruction. See Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla. 1987).
Third, the trial court decided that it erred by permitting cross-examination of Mrs. Hartshorn concerning her failure to produce federal income tax returns for several relevant years. A review of the record indicates that at least a significant portion of this cross-examination was appropriate. Additionally, plaintiffs' counsel did not object to all of the cross-examination that is challenged on appeal. Finally, this cross-examination primarily addressed the issue of damages, which the jury never reached. We find no error in this regard that would justify a new trial.
The trial court's fourth ground for granting a new trial related to its decision to prohibit certain cross-examination of the defendant's medical expert. The expert was extensively cross-examined concerning his income as a defense expert in similar cases. Plaintiffs' counsel fully argued this reason for bias in closing argument. The trial court prohibited an answer to only one question. That question asked the doctor to agree that his estimate of 100 similar cases per year at $500 per case would result in gross income of $50,000. Even assuming the trial court's ruling was erroneous and the jury was unable to perform this mathematic task on its own, this *121 error was harmless because it could not have altered the jury's decision that Tri-Pak Machinery's product was not defective.
Accordingly, we conclude that the trial court abused its discretion in granting this new trial and remand for entry of judgment on the jury's verdict.
Reversed and remanded.
FRANK, C.J., and RYDER, J., concur.
NOTES
[1] It is admittedly difficult to categorize any error during a trial proceeding as purely legal. Arguably, almost any legal ruling during a trial will have some effect on the way the parties and the jurors, as humans, react to the case. For example, the admissibility of evidence may involve purely legal questions, but the impact of any evidentiary ruling on a specific jury will involve human factors invisible on the face of an appellate record. Thus, in Office Depot, Inc. v. Miller, 584 So.2d 587 (Fla. 4th DCA 1991), Judge Anstead accurately explained that a trial judge's discretion progressively diminishes as an issue becomes increasingly legal.
[2] We express no opinion whether this instruction or a similar instruction might be appropriate as a special instruction in another case.