742 So.2d 504 (1999)
Shirley HASEGAWA, Appellant,
v.
Leroy ANDERSON, Appellee.
No. 97-03815.
District Court of Appeal of Florida, Second District.
October 13, 1999.
*505 Samuel R. Mandelbaum and Kevin J. Fitzsimmons of Becker & Poliakoff, P.A., Tampa, for Appellant.
Daniel P. Mitchell of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
Leroy Anderson sued Shirley Hasegawa, seeking damages for injuries he received in an automobile accident. The jury found Hasegawa entirely responsible for the accident and awarded Anderson past medical expenses, but did not award any amount for future medical expenses. It also found that he had not sustained a permanent injury. Anderson filed a motion for new trial on damages, focusing on "numerous prejudicial statements and comments made both by counsel for [Hasegawa] and [Hasegawa's] witness in the presence of the jury." The circuit court ruled that the challenged statements had "a cumulative effect which was highly prejudicial to [Anderson's] ability to obtain a fair trial and thus, cumulatively, they rise to the level of error of a fundamental or constitutional *506 nature, so as to warrant the granting of the new trial on the issue of damages." Hasegawa challenges that order in this appeal. For the reasons explained in detail below, we reverse and remand for reinstatement of the jury's verdict.
We first note that Anderson's motion and the order granting the new trial referred to the errors as "fundamental." See generally Bain v. State, 730 So.2d 296, 302 (Fla. 2d DCA 1999) (explaining that the fundamental error doctrine is an exception to the rule that an appellate court may only review errors preserved in the lower court). On appeal, however, Anderson argues that he preserved many of the asserted improprieties. In order to apply the appropriate standard of review, we must initially determine which of the complained-of errors were preserved.
In her brief, Hasegawa distilled fourteen alleged errors from Anderson's motion for new trial. Anderson's brief did not challenge this list, nor add to it, so we will accept it. Anderson concedes that one of the alleged errors did not occur. Of the thirteen remaining points, Anderson raised no objection to one, thus it was not preserved. He did object to a number of comments during opening statement and questions defense counsel posed to witnesses. His objections were sustained, but he did not contemporaneously request a mistrial. When a court finds a comment or a question improper and sustains a party's objection, the party must move for a mistrial to preserve his objection for appellate review. See Newton v. South Florida Baptist Hosp., 614 So.2d 1195, 1196 (Fla. 2d DCA 1993).
During the defense case, when Hasegawa's counsel was questioning her expert, Dr. Gamache, Anderson asked for a mistrial based on the cumulative effect of the defense's misconduct. But he asserted only three alleged improprieties: (1) the defense counsel's comment in opening statement that Anderson had not filed any tax returns; (2) Dr. Gamache's statement that Anderson told him he had been under house arrest for carrying a concealed weapon; and (3) Dr. Gamache's testimony that Anderson had used alcohol and drugs. We will treat these three alleged errors as preserved. In his motion for new trial, Anderson mentioned other instances of purported misconduct that occurred before the first motion for mistrial. Because he did not bring these supposed improprieties to the circuit court's attention when he moved for mistrial, we will treat them as unpreserved. See Gregory v. Seaboard System R.R., Inc., 484 So.2d 35, 38 (Fla. 2d DCA 1986).
Anderson made two more motions for mistrialwhen the defense called him during its case and asked him whether his greatest ambition in life was to make money, and when Hasegawa testified that a young man shouted at her and cursed when she got out of her car after the accident. When these two errors are added to the three previously discussed, Anderson preserved a total of five of the remaining thirteen alleged improprieties for our review.
If an error has been preserved, the legal standard the trial court uses in deciding a motion for new trial is whether the error is so pervasive or prejudicial that the injured party is denied the right to a fair trial. See Gregory, 484 So.2d at 39; Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 585 (Fla. 2d DCA 1996). This determination is within the trial court's broad discretionary powers, and we will give deference to its decision on appeal. See Hagan, 666 So.2d at 586-587. If the error has not been preserved, the trial court must additionally decide whether it was fundamental. This requires a determination whether the error was so extreme that it could not have been corrected if the complaining party had objected, and that it so damaged the fairness of the trial that it would undermine the public's confidence in the judicial system. Whether an error is fundamental is reviewed as a question of law. See Id. at *507 587; Wasden v. Seaboard Coast Line R. Co., 474 So.2d 825, 829 (Fla. 2d DCA 1985).
We now turn to the eight unpreserved errors that contributed to the trial court's decision that a new trial on damages was warranted.[1] We have reviewed the record and determined that, even according deference to the trial court's finding that the cumulative effect of the errors was highly prejudicial, they did not, as a matter of law, rise to the level of fundamental error. That is, they were not the species of error that would undermine the public's confidence in the judicial system. See Hagan, 666 So.2d at 587. It would serve no useful purpose for us to engage in a lengthy factual and legal analysis of these errors. See Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990). Accordingly, without further discussion, we hold that the unpreserved errors did not justify overturning the jury's verdict and granting a new trial.
The order granting the new trial begins with the statement that none of the errors, standing by itself, would warrant a new trial. Having disposed of eight of the thirteen claimed errors, we could remand to the trial court for it to determine whether the cumulative effect of the five remaining alleged improprieties would warrant a new trial. However, having already reviewed the record, we have concluded that these errors were not so prejudicial or pervasive that Anderson was denied the right to a fair trial. Any finding that they were would be an abuse of discretion. See Gregory.
First, the expert's testimony about Anderson's drug and alcohol use was properly admitted. Anderson testified during his case that he never used illegal drugs. Dr. Gamache, Hasegawa's expert, testified that Anderson revealed he had used drugs on a questionnaire he submitted in connection with Gamache's examination. Anderson's main objection to this testimony was that he was not on notice that Dr. Gamache would testify on this matter. The doctor had refused to comply with plaintiff's counsel's subpoena of his notes and raw data on the grounds of privilege. But counsel made no effort to obtain a court ruling on the expert's refusal to comply. Moreover, Dr. Gamache's report, which was sent to plaintiff's counsel, noted that Anderson's "condition has been further complicated through the years by his abuse of drugs...." Anderson opened the door to this testimony. The report put him on notice that the defense had information about his prior drug use. In response to Anderson's objection, the trial court properly instructed the jury to consider the drug evidence only "as it relates to the credibility of [Anderson's] testimony and for no other reason."
Dr. Gamache also testified that Anderson drank alcoholic beverages to excess before the automobile accident. Anderson's expert had previously opined that Anderson had become dependent on alcohol because of the pain caused by the accident. It was completely proper for the defense to rebut this testimony. The admission of Dr. Gamache's evidence on this point was not error, and cannot warrant a new trial.
Even assuming impropriety in counsel's remark about tax returns, his question about making money and Dr. Gamache's testimony that Anderson told him he had been arrested for carrying a concealed weapon, the court gave curative instructions in each instance. Given the brief nature of each of these errors, we do *508 not believe that they were so highly prejudicial that they could not be cured by an immediate cautionary instruction. See Garcia v. American Income Life Ins. Co., 664 So.2d 301 (Fla. 3d DCA 1995) (explaining that a proper cautionary instruction cures counsel's abbreviated improper remarks).
That leaves us with Mrs. Hasegawa's testimony that "a young man" yelled and cursed at her after the accident. While this evidence was probably irrelevant, any prejudice it may have caused was not of the magnitude to deny Anderson a fair trial.
In summary, the cumulative effect of the errors did not warrant a new trial. The eight unpreserved errors did not rise to the level of fundamental error. If the trial court had granted the motion based solely on the preserved errors, it would have abused its discretion. We note that Anderson has not argued that the verdict was contrary to the manifest weight of the evidence, and, in fact, the record would not support that argument. The parties contested liability, but the jury found no fault on Anderson's part. Anderson presented evidence of his past medical bills, but Hasegawa introduced testimony that they were not reasonable. The permanency of Anderson's injury and the extent of his required treatment were hotly contested. Each side presented able expert testimony. While the jurors were not particularly generous, nothing supports a finding that their verdict was irrational, based on prejudice or not supported by the evidence.
Reversed and remanded.
FULMER, A.C.J., and GREEN, J. Concur.
NOTES
[1] In this district, when a trial court relies on fundamental error to grant a new trial, the court should specifically identify counsel's improper argument and the actions of the jury that resulted from the argument. See Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 587 (Fla. 2d DCA 1996); Wasden v. Seaboard Coast Line R. Co., 474 So.2d 825, 830 (Fla. 2d DCA 1985). The trial court in this case did neither. We reiterate that if an unpreserved error is so prejudicial and fundamental as to warrant a new trial, it should also be an error that misled the jury.