884 So.2d 336 (2004)
HARLAN BAKERIES, INC., a foreign corporation, Appellant,
v.
Michelle SNOW, Appellee.
No. 2D03-3834.
District Court of Appeal of Florida, Second District.
September 10, 2004.
Rehearing Denied October 14, 2004.
*338 Angela C. Flowers of Kubicki Draper, Miami, for Appellant.
Troy J. Iannucci of Latour & Associates, P.A., Tarpon Springs, for Appellee.
COVINGTON, Judge.
An order granting a new trial on the grounds that the verdict was against the manifest weight of the evidence and that a curative instruction may have misled the jury forms the basis of this appeal. Because we find that the trial court erred in granting the new trial, we reverse.
Alleging negligence and breach of an implied warranty of fitness, Michelle Snow brought a lawsuit against Harlan Bakeries, Inc., and Einstein Bros. Bagels. Snow broke a tooth on a foreign object when she bit into a bagel with cream cheese bought at an Einstein store.
The bagels that are sold at Einstein are manufactured at Harlan's facility. However, Einstein owns the equipment on which the bagels are manufactured, owns the process, and owns the ingredients. Einstein directly supplies Harlan with its prepared bagel base to which Harlan adds yeast, flour, sugar, and water purchased from different suppliers. Harlan prepares the bagels for cooking before they are frozen and shipped to Einstein. Einstein then thaws the bagels, bakes them, and adds specific ingredients such as cream cheese which may be requested by the customer.
Early in the litigation Harlan admitted that it manufactured the bagel for Einstein and that "the bagel ... contained a foreign substance." The meaning of the admissions became a central focus at trial. Prior to the jury trial Harlan attempted to withdraw these admissions after a deposition of Domenique Kachucha, Snow's former boyfriend, raised doubts about the existence of any foreign object.
Harlan submitted that in deposition Kachucha testified that after Snow bit into the bagel and cried out in pain, she pulled a combination of bagel, cream cheese, saliva, and blood out of her mouth. Kachucha also testified that he did not see the foreign object in the material Snow removed from her mouth and has not seen the foreign object at anytime thereafter. Harlan maintained that as a result of Kachucha's testimony there was now a reasonable doubt as to whether Snow actually bit into a foreign object, particularly since there were only two witnesses to the incident Snow and Kachucha. Despite this newly discovered evidence, the court refused to allow Harlan to withdraw its admissions.
Einstein settled with Snow shortly before trial, and thus the court dismissed Einstein from the lawsuit. Subsequently, the court allowed Harlan to place Einstein on the verdict form as a Fabre[1] defendant. Harlan was also permitted to amend its answer to specifically allege Einstein's negligence as an affirmative defense.
At trial, Harlan maintained that it did not admit that the object was in the bagel when it came from Harlan's factory. Harlan's *339 director of manufacturing testified that he did not agree that the object was in the bagel when it left the plant. Harlan's lawyer argued to the jury that "the bagel is the bagel with cream cheese" and that "somewhere in the product that [Snow] bought[,] the bagel with cream cheese[,] there was a foreign object."
Neither party adduced evidence of the source of the foreign object, which was admitted into evidence. Snow called an expert who identified the foreign object as consisting primarily of plastic, but that glass was mixed in as part of the substance. Harlan's expert testified that he inspected Harlan's plant and could find no source for the foreign object. Throughout the course of the lawsuit Harlan asserted that Einstein was responsible for the injury or, alternatively, that Snow's prior diagnosis of temporomandibular joint (TMJ) disease or several automobile accidents caused or aggravated her injury.
At the close of the evidence, the trial court granted Snow's motion for a directed verdict as to Einstein, and Einstein was removed from the verdict form. Snow requested a curative instruction to clarify that Einstein was no longer part of the case in light of Harlan's argument suggesting that certain evidence showed Einstein's negligence. Harlan disagreed, contending that it was a jury matter and noting that there was no evidence of how the foreign object was introduced into the bagel. The court agreed with Snow and instructed the jury that it had "directed a verdict as to any question of negligence on the part of Einstein. So that will not be something that you need to consider." Snow made no objection to this instruction.
After hearing the evidence, the jury rendered a verdict finding that the bagel did not contain a foreign object when it left Harlan's factory and that there was no negligence on the part of Harlan that was a legal cause of Snow's injuries. Snow moved for a new trial, arguing that the verdict on the count of breach of implied warranty was against the manifest weight of the evidence and that the jury may have misconstrued the court's curative instruction regarding the directed verdict on the negligence count against Einstein. After a hearing, the court granted a new trial on those grounds.
A trial court has broad discretion in deciding whether to override a jury verdict on the ground that it is contrary to the manifest weight of the evidence. However, the closer the issue comes to being purely legal in nature, the less discretion a trial court enjoys in ruling on a new trial motion. Tri-Pak Mach., Inc. v. Hartshorn, 644 So.2d 118, 119 (Fla. 2d DCA 1994). This is so because an error involving a purely legal question can be as accurately reviewed from an appellate record as from the trial judge's bench. Id. The trial judge does not have a superior vantage point for review of legal errors, as compared to other trial errors. Id. at 120. Finally, if the issue is not preserved before the posttrial hearing, the trial court's power to grant a new trial is further restricted to those exceptional errors that are fundamental. Id.
Snow did not object to the instruction as drafted by the court. If an error is preserved, the legal standard the trial court uses in deciding a motion for new trial is whether the error is so pervasive or prejudicial that the injured party is denied the right to a fair trial. Hasegawa v. Anderson, 742 So.2d 504, 506 (Fla. 2d DCA 1999). If the error is not preserved, however, the trial court must additionally decide whether it is fundamental. Id. This requires a determination as to whether the error is so extreme that it could not have been corrected if the complaining party had objected and that it so damaged the *340 fairness of the trial that it would undermine the public's confidence in the judicial system. Id. Whether an error is fundamental is reviewed as a question of law. Id.
The court's order stated that "[t]he jury could have easily misconstrued the curative instruction regarding the directed verdict involving the negligence of [Einstein] so as to think [Einstein] had already been found negligent." It made no determination of fundamental error. In fact, the language of the order does not approach the standard that it could not have been corrected upon objection and that it so damaged the fairness of the trial so as to undermine the public's confidence in the judicial system.
To compound matters, Snow specifically requested the curative instruction. Snow invited the very error of which she complains in the motion for new trial. See Schaffer v. Pulido, 492 So.2d 1157, 1157-58 (Fla. 3d DCA 1986). "`A party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make.'" Fuller v. Palm Auto Plaza, Inc., 683 So.2d 654, 655 (Fla. 4th DCA 1996) (quoting Gupton v. Village Key & Saw Shop, 656 So.2d 475, 478 (Fla.1995)). Under the circumstances presented, the curative instruction is not a sufficient ground for a new trial. Not only was the error invited, but it simply does not approach the standard required for unpreserved, non-fundamental error.
The court's alternative ground for a new trial was that the verdict was contrary to the manifest weight of the evidence in light of Harlan's admission that the bagel contained a foreign substance. The broad discretion afforded the trial court in granting a new trial is based on the presumption that if the judge concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959). For a verdict to be against the manifest weight of the evidence, so as to warrant a new trial, the evidence must be clear, obvious, and indisputable; where there is conflicting evidence, the weight to be given that evidence is within the province of the jury. K-Mart Corp. v. Collins, 707 So.2d 753, 755 (Fla. 2d DCA 1998).
The jury's verdict that the foreign object was not in the bagel at the time it left Harlan Bakeries is not inconsistent with Harlan's admission. Rather, it reflects that the jury, after hearing a substantial amount of evidence, apparently made a finding that the foreign object was either incorporated in the bagel through the baking process at Einstein or in the cream cheese Einstein spread on the bagel. There was no direct evidence that the foreign object was in the bagel at the time it left the bakery. In fact, there was even some evidence that could support a finding that there was no foreign object at all.
The role of the trial judge in ruling on a motion for new trial is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge's trained and experienced judgment, is an unjust verdict. Brown v. Estate of Stuckey, 749 So.2d 490, 495 (Fla.1999). In this case the import of the trial judge's ruling is that there is but one view that can be had of the evidencethat Harlan's admissions demanded a verdict for the plaintiff. Because it is clear from the record, in this circumstantial evidence case, that there was no direct evidence of when or how the foreign object was introduced into the bagel, the court's ruling was an *341 abuse of discretion. While we recognize the broad discretion that a trial court judge has in ruling on a motion for new trial, we nevertheless conclude that reasonable persons could not differ as to the propriety of granting this motion for new trial. Accordingly, we reverse the order granting a new trial.
Reversed.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] Fabre v. Marin, 623 So.2d 1182 (Fla.1993).