IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

February 11, 2015

MEADOWBROOK MEAT COMPANY, )
a foreign corporation, )
)
        Appellant, )
)
v. )   Case No. 2D13-1295
)
MICHAEL CATINELLA and EILEEN )
CATINELLA, )
)
        Appellees. )
_____ )

BY ORDER OF THE COURT:

      Appellant's motion for rehearing is denied. The prior opinion dated December 3,

2014, is withdrawn, and the attached corrected opinion is issued in its place. No further

motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

JAMES BIRKHOLD, CLERK

MEADOWBROOK MEAT COMPANY, )
a foreign corporation, )
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant, )
　　　　　　　　　　　　　　　　　)
v. )　　　Case No.　2D13-1295
　　　　　　　　　　　　　　　　　)
MICHAEL CATINELLA and EILEEN )
CATINELLA, )
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellees. )
_____)

Opinion filed February 11, 2015.

Appeal from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Lamar D. Oxford of Dean, Ringers,
Morgan & Lawton, P.A., Orlando, for
Appellant.

Douglas H. Stein and Stephanie
Martinez of Seipp, Flick & Hosley, LLP,
Miami, for Appellees.

KELLY, Judge.

　　　　　Michael Catinella was unloading a truck at Meadowbrook Meat Company

when he suffered injuries from a trip and fall.　Mr. Catinella and his wife filed suit,

alleging that Meadowbrook had knowledge of and failed to warn Mr. Catinella of an

unsafe condition at its facility, specifically a malfunctioning dock leveler.　After the jury

returned a verdict in favor of Meadowbrook, the Catinellas moved for a new trial. Meadowbrook appeals from the order that granted the Catinellas' motion.

"A trial court has broad discretion in deciding whether to override a jury verdict on the ground that it is contrary to the manifest weight of the evidence." Harlan Bakeries, Inc. v. Snow, 884 So. 2d 336, 339 (Fla. 2d DCA 2004). Additionally, this court has further held that an order granting a motion for new trial is subject to a heightened abuse of discretion standard:

> We review a circuit court's order granting a motion for a new trial for abuse of discretion. Moreover, it takes a stronger showing of error in order to reverse an order granting a new trial than an order denying a new trial. Thus we begin with the presumption that the trial court properly exercised its discretion, and we will not disturb the trial court's ruling absent a clear abuse of that discretion.

Moore v. Gillett, 96 So. 3d 933, 938 (Fla. 2d DCA 2012) (citations omitted), review denied, 119 So. 3d 443 (Fla. 2013). More specifically, this court has held that "[t]he standard of review we must apply to an order granting a new trial is whether reasonable persons could differ as to the propriety of the trial judge's action. If they could, then the order is reasonable and not an abuse of the judge's discretion." K-Mart Corp. v. Collins, 707 So. 2d 753, 755 (Fla. 2d DCA 1998) (citation omitted).

In its lengthy and detailed order, the court set out the circumstances it believed warranted a new trial. The court found that during the course of the case Meadowbrook had destroyed evidence, requiring the court to give the jury an adverse inference instruction; had materially violated a variety of court orders; and had engaged in systematic material, willful discovery violations to the prejudice of the Catinellas. The court also found that two jurors had engaged in misconduct by failing to disclose

litigation history that was relevant and material to jury service. In concluding that a new trial was warranted the court explained:

> Based on the totality of circumstances outlined in this Order and the Court's own direct observation of the facts, parties, and witnesses, [the court] finds a new trial is warranted. The Court finds the jury verdict in this case is clearly contrary to the manifest weight of the evidence. The Court bases this on the presumption instruction on spoliation and the scarcity of credible evidence that the leveler in question was not broken. Thus, no reasonable jury could have found that the leveler was in working order. The evidence showed the Plaintiff tripped over something that was sticking up at the end of the dock leveler. This is supported by the testimony of Sabrina Graham as well as the fall shown in the video. Defendant was on notice of the defective nature of the leveler and was specifically placed on notice when Quincy Hayward had the Plaintiff perform the two-man operation of the leveler. Finally, the manifest weight of the evidence showed Plaintiff's [injuries were] caused by Defendant's negligence.

In this appeal, Meadowbrook urges us to find that the trial court abused its discretion by concluding that the circumstances detailed in its order warranted a new trial. Although Meadowbrook argues that the trial court's observations are unsupported by the record, after thoroughly reviewing the record on appeal, including the transcript of the trial, we cannot agree that under these circumstances the trial court abused its discretion. Accordingly, we affirm.

Affirmed.

DAVIS, C.J., and SLEET, J., Concur.