NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TLO SOUTH FARMS, INC., a
Florida corporation,

      Appellant,

v.

HEARTLAND FARMS, INC., a
Florida corporation; RONALD
MOYE, individually; and EDWARD
OSTROWSKI, individually,

      Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D18-1639

Opinion filed September 20, 2019.

Appeal from the Circuit Court for
DeSoto County; Don T. Hall, Judge.

Timothy W. Weber and Paul M.
Crochet of Weber, Crabb & Wein,
P.A., St. Petersburg, for Appellant.

Michael D. Martin of Martin Law Office,
Lakeland; and William K. Crispin of
Crispin Law, Gainesville, for Appellees
Heartland Farms, Inc., and Ronald Moye.

No appearance for Appellee Edward
Ostrowski.


ROTHSTEIN-YOUAKIM, Judge.

On this appeal of a final judgment, TLO South Farms, Inc., challenges the

trial court's grant of Heartland Farms, Inc., and Ronald Moye's (collectively, "the

defendants") posttrial motion to set aside the jury's verdict against Moye on Count V of the Third Amended complaint, which alleged a cause of action under the Florida Deceptive and Unfair Trade Practices Act, sections 501.201-501.213, Florida Statutes (2016) (FDUTPA). TLO also challenges the court's alternative grant of the defendants' motion for a new trial. We agree with TLO that the court erred in granting the motion to set aside the verdict based on an argument that the defendants had not raised in their previous motion for a directed verdict. We also agree that the court erred in its alternative granting of a new trial.

## Background

TLO and its president, Edward Ostrowski, a beekeeper, brought an action against Heartland and its president, Moye, alleging breach of contract, negligence, and violations of FDUTPA arising out of an agreement for TLO to provide Heartland with pollination services for its crops.[1] The complaint alleged, among other things, that Heartland and/or Moye had failed to pay $4500 due on the contract and also had destroyed the bee colonies that TLO had placed throughout Heartland's farmland by spraying them with toxic pesticides in a manner inconsistent with their labeling. Specifically as to the FDUTPA claim set forth in Count V, TLO alleged:

> 48.     MOYE's actions of spraying toxic pesticides without the consent of or notice to Plaintiff, the avoidance of pay[ing] a bee moving fee, and its spraying of toxic pesticides in violation of state and federal labeling requirement laws are unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices that were done in the conduct of trade and commerce. These acts were done with the knowledge and

---

[1]The defendants do not challenge the jury's verdicts on the breach-of-contract and negligence claims.

consent of MOYE or pursuant to the custom, policy[,] or practice established by MOYE.

49.     As a result of the acts of MOYE, Plaintiffs have suffered a loss and continue to suffer losses.

During trial, the defendants moved for directed verdicts.  With respect to the FDUTPA count, they argued that (1) absent any consumer transaction between TLO and Moye, TLO lacked standing to bring an action under FDUTPA; (2) a FDUTPA claim cannot be based solely on a breach of contract; and (3) TLO had failed to prove causation.  TLO responded to those arguments, and, in reply, the defendants reiterated that this case implicated only a breach of contract and argued further that there had been no transaction between Ostrowski and Moye.  The trial court reserved ruling.

The jury returned its verdicts and awarded TLO $4500 for Heartland's breach of contract; found that Heartland and Fabre defendant[2] Randy Padgett had contributed 35% and that TLO had contributed 30% to the negligence that had resulted in $67,500 in damages to TLO's bee colonies; and awarded TLO $72,000 for Moye's unfair and deceptive trade practices under FDUTPA.  After the jury was discharged, the defendants renewed their motion for a directed verdict on Count V, asserting that they were "just renew[ing] [their] arguments" and "also focusing on the trade practices."  After the trial court denied the renewed motion, counsel for the defendants argued that if the negligence and FDUTPA verdicts were inconsistent, "one of [them] is going to have to go and I would think it would be the FDUTPA."

---

[2]See Fabre v. Marin, 623 So. 2d 1182, 1185 (Fla. 1993) (holding that apportionment of comparative fault is not limited to parties in a lawsuit), receded from on other grounds in Wells. v. Tallahassee Mem'l Reg'l Med. Ctr., 659 So. 2d 249, 254 (Fla. 1995).

The defendants timely moved to set aside the verdict or for a new trial on the FDUTPA count. In the motion, they argued that the evidence had failed to establish that they (and, more specifically, Moye) had engaged in any deceptive act or unfair practice, that the verdict had been improperly based on sympathy for TLO and Ostrowski, and that the jury had improperly determined the damages on that count by simply adding up the damages that it had awarded on the breach-of-contract and negligence counts.

The trial court granted the defendants' motion to set aside the verdict based on its conclusion that "there was no evidence upon which the jury could find that Moye had engaged in unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of his trade or commerce." In the alternative, the court concluded that "the case law also supports conditionally granting the Motion for New Trial if the order on Motion for Judgment in Accordance with the Motion for Directed Verdict is reversed on appeal."

TLO moved for reconsideration, arguing, among other things, that in their trial motion for a directed verdict, the defendants had not challenged the evidence establishing that Moye had engaged in unconscionable, unfair, or deceptive acts; that the trial court could not set aside the verdict based on an argument that had not previously been raised in the motion for a directed verdict; that the court had failed to articulate a basis for its alternative granting of a new trial; and that the record, in fact, did not support the granting of a new trial. The trial court did not rule on the motion for reconsideration but instead entered the final judgment. This appeal followed.

**<u>Analysis</u>**

**1.      The Defendants' Motion for Judgment in Accordance with the Motion for a Directed Verdict**

Pursuant to Florida Rule of Civil Procedure 1.480(b), "Within 15 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict . . . and to enter judgment <u>in accordance with the motion</u> <u>for a directed verdict</u>" (emphasis added).[3]  As TLO correctly argues, "[A] party cannot seek judgment in accordance with a previously-made motion for directed verdict unless that party has actually asserted the grounds raised in the motion for directed verdict made at the conclusion of the evidence in the case."  <u>See</u> <u>Houghton v. Bond</u>, 680 So. 2d 514, 522 (Fla. 1st DCA) (citing <u>Allstate Ins. Co. v. Gonzalez</u>, 619 So. 2d 318 (Fla. 3d DCA 1993)), <u>rev. denied</u>, 682 So. 2d 1099 (Fla. 1996).

Indeed, the trial court apparently recognized as much because in granting the defendants' motion to set aside the verdict, the court stated that the motion "reasserts earlier arguments for directed verdicts made at the end of TLO's case and at the close of the evidence."  As noted above, the court granted the defendants' motion based upon its finding that "there was no evidence upon which the jury could find that Moye had engaged in unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of his trade or commerce."

With the advantage of having the trial transcript before us, however, we agree with TLO that the defendants did not challenge at trial the evidence establishing

---

[3]Such a motion has historically been, and commonly still is, referred to as a motion for judgment notwithstanding the verdict (JNOV), although that term has fallen out of favor in some circles.  <u>See</u> <u>Fire & Cas. Ins. Co. of Conn. v. Sealey</u>, 810 So. 2d 988, 991 & n.2 (Fla. 1st DCA 2002).

that the defendants, and particularly Moye, had engaged in unconscionable acts or deceptive practices. A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). The defendants raised a number of challenges to the FDUTPA count in their motion and renewed motion for direct verdict, but to the extent that they challenged the sufficiency of the evidence on those elements, those challenges were directed squarely to the second element—causation. Accordingly, the trial court erred in granting the defendants' motion to set aside the verdict and entering judgment in Moye's favor on the FDUTPA count based on their newly raised posttrial challenge to the evidence on the first element. See Houghton, 680 So. 2d at 522; Fla. R. Civ. P. 1.480(b).

## 2. The Defendant's Alternative Motion for a New Trial

Pursuant to rule 1.480(c), "A motion for a new trial may be joined with [a motion under rule 1.480(b)] or a new trial may be requested in the alternative." Thus, a trial court may—as the trial court did here—conditionally order a new trial in case the appellate court reverses its entry of judgment in accordance with the motion for directed verdict. See Keene Bros. Trucking, Inc. v. Pennell, 614 So. 2d 1083, 1084-85 (Fla. 1993) ("[T]o promote judicial economy, trial judges may properly decide motions [for JNOV and for a new trial] in the alternative" . . . [and] 'may grant one and alternatively grant the other on the express condition that the latter only becomes effective if the former is reversed on appeal.' " (quoting Frazier v. Seaboard Sys. R.R., 508 So. 2d 345, 346 (Fla. 1987))). Generally, we review for an abuse of discretion a trial court's order granting a new trial. Meyers v. Shontz, 251 So. 3d 992, 1000 (Fla. 2d DCA 2018). "If

the trial court's order is based on an error of law, however, we do not afford it that kind of deference because the trial court's ability to consider and resolve legal issues is not superior to our own."  Id. (citing Van v. Schmidt, 122 So. 3d 243, 258 (Fla. 2013)).

In this case, the trial court based its alternative granting of the defendants' motion for a new trial on the following grounds:  (1) "that TLO's assertion they were not adequately informed that a variety of pesticides would have been used by Heartland Farms is unfounded" because "the parties signed separate independent contracts stating that they had discussed issues relating to total pesticides at each and every step in the relationship between parties"; (2) that "the witnesses testified in the trial that Moye['s] farming operations were consistent in the same method and manner as all other farmers in central Florida"; and (3) that the jury had also found each of the parties and Padgett, the Fabre defendant, negligent and, therefore, responsible for the injury to the bees.[4]  In conclusion, the court stated that it could not find "any support in the record that the jury could possibly find any practices unconscionable and deceptive."  The trial court, therefore, apparently granted the alternative relief of a new trial on the FDUTPA count based on its determinations that the verdict was (1) contrary to the manifest weight of the evidence and (2) inconsistent with the verdict on the negligence count.[5]

---

[4]By order dated May 7, 2019, we relinquished jurisdiction for the trial court to enter an amended order explaining the specific grounds for its alternative granting of a new trial.  See Fla. R. Civ. P. 1.530(f).  The trial court rendered its amended order on May 16, 2019.

[5]We pause here to note that neither the parties' arguments nor the trial court's reasons require us to address the threshold question of whether FDUTPA is intended to apply to a fact pattern such as the one presented here, and we do not do so.

As to the latter determination, because the defendants failed to object to assertedly inconsistent verdicts on the FDUTPA and negligence counts before the jury was discharged, they waived any such challenge. See Coba v. Tricam Indus., Inc., 164 So. 3d 637, 643-44 (Fla. 2015) (explaining that although "[a]n objection to the inadequacy or excessiveness of a verdict can be raised in a motion for a new trial without requiring a party to object prior to the jury's discharge[,] . . . a party must object to an inconsistent jury verdict before the jury is discharged" (citations omitted)). Moreover, in their motion for new trial, the defendants explicitly "[did] not dispute the Jury's Verdict . . . sounding in Negligence." The appropriate remedy for inconsistent verdicts, however, is to permit a jury—not the parties or the court—to determine which verdict should stand; remand for a new trial on only the FDUTPA count would improperly usurp the role of the jury, as it would effectively presume the validity of the negligence verdict and demand a finding of no liability on the FDUTPA count. The trial court, therefore, could not grant Moye a new trial on the FDUTPA count based on an inconsistency between the two verdicts.

As to the former determination, "A trial court may order a new trial when the jury's verdict is against the manifest weight of the evidence." Meyers, 251 So. 3d at 999 (citing Meadowbrook Meat Co. v. Catinella, 196 So. 3d 373, 373 (Fla. 2d DCA 2015)). But "[a]lthough a trial judge enjoys broad discretion to grant a new trial under the manifest weight ground, that discretion is neither absolute nor unreviewable." Id. (citing Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309, 1314 (Fla. 1986)). "A jury verdict is contrary to the manifest weight of the evidence only when the evidence is

'clear, obvious, and indisputable.' " Jones v. Stevenson, 598 So. 2d 219, 220 (Fla. 5th DCA 1992) (citation omitted).

First, the record does not support the trial court's statement that "the parties signed separate independent contracts stating that they had discussed issues relating to total pesticides at each and every step in the relationship between parties." The parties' contracts stated, in pertinent part, only that "THE GROWER AGREES: . . . To use no toxic pesticides in the crop during the rental period except with the consent of the beekeeper, and to warn the beekeeper if neighbors use toxic sprays." Moreover, that Moye contractually agreed to obtain TLO's consent before using toxic pesticides plainly is not contrary to evidence that he did not, in fact, subsequently do so.

Furthermore, although, as the trial court noted, "the witnesses testified in the trial that Moye['s] farming operations were consistent in the same method and manner as all other farmers in central Florida," that testimony only goes so far. This case came down to whether Moye harmed TLO's business by spraying toxic pesticides in violation of their spray label, resulting in the poisoning of TLO's bees, and then lying to TLO about it. Testimony regarding Moye's and/or Heartland's general farming operations is not contrary to evidence supporting a finding that in this particular instance, Moye did exactly that.

Neither of the trial court's reasons, therefore, supports a conclusion that the jury's verdict was contrary to any of the evidence, let alone to the manifest weight of it. Nor does either support the court's ultimate conclusion that the record is devoid of evidence supporting the jury's finding that Moye's practices in this instance were

"unconscionable and deceptive."  Accordingly, the trial court abused its discretion in alternatively granting the defendants' motion for a new trial.

The judgment, therefore, is reversed, and we remand for reinstatement of the jury's verdict on Count V and for entry of an amended judgment so reflecting.

Reversed; remanded with directions.

NORTHCUTT and SILBERMAN, JJ., Concur.