# Third District Court of Appeal

## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0939
Lower Tribunal No. 17-22498
_____

## Jose Raul Angeles-Delgado, et al.,
Appellants,

vs.

## Julio Costa Benitez,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Boyd & Jenerette, PA, Kevin D. Franz, and Lara J. Edelstein (Boca Raton), for appellants.

The Gutierrez Firm and Jorge P. Gutierrez, Jr.; Dohan Law Group, P.A., and Russell A. Dohan; Philip D. Parrish, P.A., and Philip D. Parrish, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

FERNANDEZ, J.

Jose Raul Angeles-Delgado and Jessica Carrillo ("Appellants") appeal the trial court's order granting Julio Costa Benitez's ("Benitez") motion for new trial. We reverse the order granting a new trial, as the trial court abused its discretion in finding that the jury verdict was against the manifest weight of the evidence, and remand with instructions to reinstate the jury verdict and enter judgment consistent with the verdict.

Benitez filed an action against Appellants alleging that Carrillo acted negligently when, while operating Angeles-Delgado's car, she collided with Benitez's bicycle allegedly causing Benitez permanent bodily injury. Appellants denied liability and asserted affirmative defenses. The case proceeded to trial on the issues of liability, causation, and noneconomic damages.

At trial, the parties' experts disagreed as to the method used to measure the tire skid marks of the vehicle, which resulted in differing testimony as to whether Carrillo was speeding and whether she could have avoided hitting Benitez. The jury returned a verdict finding Appellants not negligent. The jury did not reach the question of damages. The jury was polled, and each juror indicated that this was his or her verdict.

Subsequently, Benitez moved for a new trial arguing that the jury verdict was against the manifest weight of the evidence, claiming that the

jury was deceived as to the force and credibility of the evidence. Appellants responded that a new trial was not warranted because there was conflicting evidence regarding Carrillo's negligence. The trial court entered an initial order simply granting a new trial and, after a motion for reconsideration, entered an order including the court's reasoning as is required by the applicable rules.

An order granting a new trial is reviewed for an abuse of discretion. Miami-Dade Cty. v. Davis, 307 So. 3d 883, 890 (Fla. 3d DCA 2020). Even though the trial court is given a high level of discretion given its superior vantage point, the trial judge cannot assert himself or herself as an additional juror if he or she disagrees with the jury's verdict. See Brown v. Estate of Stuckey, 749 So. 2d 490, 496 (Fla. 1999).

Based on the trial court's reasoning provided in the order, we disagree with the trial court that the jury verdict was against the manifest weight of the evidence. The trial court had concerns regarding Carrillo's testimony that she did not see Benitez before hitting him when both parties' experts stated that she had to have seen him due to her breaking before impact.[1] The trial court

---

[1] Carrillo consistently claimed that she did not see Benitez until he hit her windshield. She testified that the accident happened "super fast," and she had no time to avoid it. She stated she put on the brakes because she did not know what hit her. Carrillo was not distracted by anything that would have "impaired" her driving, such as texting or looking at social media.

3

was also concerned that the jury requested the police report during deliberations, but the trial court did not state the reason for concern.[2] Despite these concerns, due to the conflicting testimony of the parties' experts regarding the method used to measure the skid marks, whether Carrillo was speeding, and whether she could have avoided the accident, we find that the trial court abused its discretion in granting a new trial in this case.

"For a verdict to be against the manifest weight of the evidence, so as to warrant a new trial, the evidence must be clear, obvious, and indisputable; where there is conflicting evidence, the weight to be given that evidence is within the province of the jury." Davis, 307 So. 3d at 890 (citing Harlan Bakeries, Inc. v. Snow, 884 So. 2d 336, 340 (Fla. 2d DCA 2004)). Carrillo's expert claimed that Carrillo had only a quarter of a second to break and could not have avoided impact; versus Benitez's expert claimed that she had anywhere from 1.3 to 2.9 seconds to break and could have avoided impact. Therefore, as this Court found in Davis, the conflict in testimony was properly decided by the jury, and the jury verdict should be reinstated. See also Weatherly v. Louis, 31 So. 3d 803, 806-06 (Fla. 3d DCA 2009) (quoting Rosario–Paredes v. J.C. Wrecker Serv., 975 So. 2d 1205, 1207 (Fla. 5th

---

[2] The jury simply asked, "Can we see a copy of the police report?" The jury provided no explanation or reason for the request.

4

DCA 2008) ("Reversal of a jury verdict is appropriate only in the absence of conflicting evidence, when there is no rational basis in the evidence to support the verdict."); City of Gainesville v. Rodgers, 377 So. 3d 626, 631 (Fla. 1st DCA 2023) (quoting Bachman v. Oliveros, 293 So. 3d 555, 560 (Fla. 5th DCA 2020) ("A jury's verdict is generally not against the manifest weight of the evidence if the record shows conflicting testimony from two or more witnesses."); Graham Companies v. Amado, 305 So. 3d 572, 578 (Fla. 3d DCA 2020) (same).

For the reasons stated, we reverse the order granting a new trial and remand with instructions to reinstate the jury verdict and enter judgment consistent with the verdict.

Reversed and remanded with instructions.